485 So.2d 622 (1986)
Ume ONYEANUSI
v.
The TIMES-PICAYUNE PUBLISHING CORP.
No. CA-4328.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
James A. Gray, II, New Orleans, for appellant.
Rutledge C. Clement, Jr., Taryn S. Southon, New Orleans, for appellee.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
BYRNES, Judge.
Appellant, Ume Onyeanusi, a black male filed suit against Times-Picayune Publishing Company (Times-Picayune) for intentional discrimination in employment under La.R.S. 23:1006. The District Court, on a motion for summary judgment found in favor of the defendant. The plaintiff appeals on the ground that a genuine issue of material fact concerning the Times-Picayune's status as an employer remains to be resolved. We find this contention to be without merit and affirm the judgment of the lower court.
The appellant contracted with the Times-Picayune to purchase newspapers for resale and delivery to customers within a specifically defined area. He expressly agreed that he would regularly sell and promptly deliver newspapers, and that at all times he would occupy the position of purchaser and independent contractor. The contract provided that either party could terminate the agreement by giving four weeks notice.
*623 Four years after the start of the contract, the Times-Picayune invoked the termination clause due to appellant's constant lateness in picking up his newspapers. Two white males were also terminated at the same time, for the same reason.
Appellant contends that under La. R.S. 23:1006, the Times-Picayune should be held liable for damages as a result of the intentional discrimination in employment which he contends was the reason for his termination. This 1983 statute is the only cause of action set out in the petition. Under the statute an "employer" is defined as:
"A person ... receiving services from an individual and in return giving compensation of any kind to said individual and who employs more than 15 employees." La.R.S. 23:1006(A) (emphasis added)
In the instant case there is no evidence in the record to indicate that the Times-Picayune compensated the appellant. The relationship between the two parties was such that the appellant paid for the product, distributed it and kept the profits from his sales. If a customer made payment to the Times-Picayune rather than the appellant, the paper would pro-rate the amount owed to it and remit the remainder to the appellant. The Times-Picayune did not pay appellant wages nor did it withhold federal, state, unemployment, or social security taxes from the profit it remitted to him. The appellant's name does not appear on the Times-Picayune employee roll, nor does he participate in its benefits plan.
Moreover, the Times-Picayune assumed no responsibility for any damages appellant might cause while delivering papers and held him responsible for the cost of the papers he received regardless of whether he was paid by the customer. Under these circumstances we cannot say that the Times-Picayune was appellant's employer.
Appellant's affidavit in opposition to the motion for summary judgment did not address the issue of compensation. It focused on whether the Times-Picayune had the right to control the actions of the appellant. Although, the test normally used to determine if an employer-employee relationship exists is the "right-of-control", the legislature in enacting R.S. 23:1006, gave the word "employer" a specific definition. See R.S. 23:1006(A) discussed above. It is that definition which is controlling here.
We have reviewed the record, including the affidavits and pleadings, and agree with the trial judge that it presents no genuine issue of material fact and that the Times-Picayune was entitled to judgment as a matter of law. Under these circumstances, the motion for summary judgment was correctly granted. C.C.P. Art. 966; Oller v. Sharp Elec., Inc., 451 So.2d 1235, 1237 (La.App. 4th Cir.1984).
The decision of the trial court is affirmed at appellant's cost.
AFFIRMED.