574 So.2d 521 (1991)
Amber J. HAMMOND, Plaintiff-Appellant,
v.
MEDICAL ARTS GROUP, INC. & Dr. Michael A. Traub, Defendants-Appellees.
No. 89-881.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
*522 Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, E. Byrne Edwards, Lafayette, for plaintiff/appellant.
McLeod & Little, William L. McLeod and Billie C. Woodard, Lake Charles, for defendants/appellees.
Before FORET, KNOLL and KING, JJ.
FORET, Judge.
This is an action for sexual harassment, sexual discrimination, and intentional infliction of emotional distress brought by plaintiff-appellant, Amber J. Hammond, against defendants-appellees, Dr. Michael A. Traub and Medical Arts Group, Hammond's former supervisor and employer, respectively.
Hammond appeals from two judgments, one granting summary judgment in favor of Dr. Traub and the other granting an exception of no cause of action in favor of Medical Arts Group, resulting in the dismissal of Hammond's petition. We find no error on the part of the trial court and as such, we affirm.
The sole issue before this Court as to the grant of summary judgment is whether the trial court erred in finding that the pleadings, depositions, and affidavits submitted disclosed no genuine issue as to a material fact and that Dr. Traub was entitled to judgment as a matter of law.
On the exception of no cause of action, we must determine whether the law affords Hammond a remedy for the particular grievances alleged, either under a cause of action for sexual discrimination or harassment or for the intentional infliction of emotional distress.

I. SUMMARY JUDGMENT
La.R.S. 23:1006 B provides a cause of action for employees against employers for intentional discrimination based upon race, color, religion, sex, and national origin. We initially note that, pursuant to the affidavit of Charles Boyd Woodard, the Medical Director of Medical Arts Group, presented at the motion for summary judgment, it is undisputed that Dr. Traub is not *523 plaintiff's employer under La.R.S. 23:1006 A(1), which defines "employer" as follows:
"A. (1) For the purpose of this Part, `employer' means and includes a person, association, legal or commercial entity, labor union, employment agency, the state, its agencies, boards, commissions, or political subdivisions receiving services from an individual and in return giving compensation of any kind to said individual and who employs more than fifteen employees."
Therefore, on this basis alone, the trial court properly granted summary judgment in favor of Dr. Traub as to plaintiff's cause of action for sexual harassment under La. R.S. 23:1006 B.
Nevertheless, insofar as the liability of plaintiff's employer, Medical Arts Group, a partnership, is dependent upon whether its partner, Dr. Traub, acting as plaintiff's supervisor, subjected plaintiff to sexual harassment, we will examine the evidence presented in support of and in opposition to the motion for summary judgment.

A. FACTS
The following facts are undisputed: Hammond was employed by Medical Arts Group as a nurse in 1980. Dr. Traub was Hammond's direct supervisor. During Hammond's period of employment, Traub and Hammond participated in a consensual sexual relationship. After the sexual relationship terminated in approximately October of 1986, Dr. Traub made no further welcome or unwelcome sexual advances toward Hammond. Due to increasing problems and tensions, it became impossible for Traub and Hammond to continue working together, leaving a transfer out of Traub's department or Hammond's resignation/termination as the only viable alternatives. The administration of Medical Arts Group made a position available to Hammond in another department and requested her transfer. Hammond was unhappy with the transfer request and ultimately separated, or was separated, from her employment of Medical Arts Group. Hammond then filed a petition for damages for sexual discrimination and harassment under La.R.S. 23:1006, and for the intentional infliction of mental distress under La.C.C. 2315.

B. SEXUAL HARASSMENT
"R.S. 23:1006 is similar in scope to the federal statutes prohibiting sex discrimination embodied in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. Thus, it is appropriate, when interpreting our own law, to consider interpretations of the federal statutes. Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ den. 520 So.2d 425 (La. 1988).
"As explained in Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), there are two types of sexual harassment in the work place. They are commonly referred to as `quid pro quo' and `hostile work environment'. The first is employment or economic advantage given in exchange for granting or receiving sexual favors. The second refers to verbal or physical acts that create a hostile or offensive environment.
". . . .
"The court in DeCintio v. Westchester County Medical Center, 807 F.2d 304 (2nd Cir. 1986), cert. den. [484 U.S. 825] 108 S.Ct. 89, 98 L.Ed.2d 50 (1987), defined "sex" in the context of Title VII:
`"Sex," when read in this context, logically could only refer to membership in a class delineated by gender, rather than sexual activity regardless of gender.'
"The case of Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987), sets forth a list of factors that must be asserted and proved in order to prevail in a sex discrimination case:
'(1) the employee was a member of a protected class; (2) the employee was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged *524 sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psycho logical well-being of the plaintiff; and (5) the existence of respondeat superior liability.'"
Polk v. Pollard, 539 So.2d 675, at 676, 677 (La.App. 3 Cir.1989).
Hammond does not allege that her sexual favors were given in exchange for her employment. Therefore, it does not appear that she is attempting to prove a "quid pro quo" type of harassment. Hammond does allege that Dr. Traub "took steps to separate the plaintiff from her employment...." We do not find that this allegation, together with any of the documents filed in opposition to Traub's motion for summary judgment, alleges facts which amount to a claim of sexual harassment or discrimination. Hammond was an "at will" employee and steps taken by a supervisor to separate her from her employment are not actionable, either as sexual harassment or otherwise, without supporting factual allegations or evidence to the contrary.
Next, Hammond alleges that Traub "took steps ... to make the conditions of plaintiff's continued employment with MEDICAL ARTS GROUP intolerable." Evidence submitted in support of this allegation and in opposition to Traub's motion for summary judgment includes claims that Traub would give Hammond the "silent treatment" such as failing to say hello or goodbye. Also, Traub would sometimes fail to tell her what type of shot to give a patient or fail to tell her to which hospital he wanted a patient sent. Again, even if such conditions could rise to the level of harassment, we fail to see how such behavior could be coined as "sexual harassment."
Hammond, in her allegation that Traub made the conditions of her employment intolerable, resulting in her termination "because she would not continue the affair," infers that Traub wanted to continue the affair. Conversely, she unequivocally stated in her deposition that Dr. Traub made no sexual advances whatsoever, welcome or unwelcome, after the affair ended. Traub, by affidavit, confirms this fact. Therefore, no genuine issue of material fact remains as to whether or not Dr. Traub subjected Hammond to "unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical contact of a sexual nature." See Polk v. Pollard, supra. As such, the trial court properly granted Dr. Traub summary judgment in his favor as a matter of law.

II. EXCEPTION OF NO CAUSE OF ACTION
Insofar as the liability of Medical Arts Group is based upon the alleged sexual harassment of Hammond by Dr. Traub, we find no error on the part of the trial court in granting Medical Arts Group's exception of no cause of action.
Essentially, the petition alleges that Hammond and Traub engaged in a consensual sexual relationship and that she terminated this relationship. She continues by alleging that because she terminated the affair with Dr. Traub, the partnership cooperated with Traub in making her working conditions intolerable, and finally, in terminating her employment. She does not allege that after the termination of the affair Traub made any sexual advances, welcome or unwelcome, toward her. Neither does she allege that any other member of the defendant partnership made any unwelcome sexual advances toward her. The allegations set forth in Hammond's petition do not allege facts, other than conclusory statements, upon which to base a cause of action. Plaintiff's deposition, submitted in connection with Dr. Traub's motion for summary judgment, makes it evident that plaintiff would not be able, with any veracity, to amend her petition, if remanded, to allege sufficient facts upon which to base a cause of action for sexual harassment. Therefore, we accept the allegations of the petition as true for purposes of the exception and find that the relationship with Dr. Traub was consensual rather than constituting *525 unwelcome sexual advances or sexual harassment. For the reasons set forth above, we will not remand for amendment but instead, affirm the trial court's dismissal of plaintiff's petition.

III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
In her petition, Hammond contends that both Traub and Medical Arts Group are liable under La.C.C. art. 2315 for the intentional infliction of mental distress. The general rule as to this cause of action is that "[r]ecovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct." Steadman v. South Cent. Bell Telephone Co., 362 So.2d 1144, 1146 (La. App. 2 Cir. 1978). Outrageous conduct is not alleged; neither is there any allegation that either Medical Arts Group or Traub actively desired to bring about Hammond's emotional suffering or realized to a virtual certainty that it would occur. See Matherne v. Response Instrument Service, 533 So.2d 1011 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1166 (La.1989). We find it questionable whether Hammond believed that Traub intentionally hurt her. When asked, by deposition, whether she felt, at any time that Traub's intent was to hurt her, she answered, "I thought he did it because he had feelings for me." She also explained that much of the emotional pressure or mental distress she felt was due to being involved in an affair when she was married, rather than solely due to the emotional pressure she felt due to Dr. Traub's "silent treatment." Therefore, we find that the trial court was correct in granting defendants' motion and exception insofar as the petition does not allege nor is there any documentation submitted which evidences that the conduct complained of was either atrocious or outrageous, or intended to cause emotional distress. We also note that Hammond was an "at will" employee under La.C.C. art. 2747, whose employment could be terminated, without reason, at any time. No evidence or allegation was presented to rebut her "at will" status. See Roberts v. Louisiana Bank & Trust Co., Inc., 550 So.2d 809 (La.App. 2 Cir. 1989), writ denied, 552 So.2d 398 (La.1989); Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988). Therefore, any cause of action for intentional infliction of emotional distress for wrongful termination of employment or otherwise will not lie.

CONCLUSION
Based upon the foregoing, we affirm the judgments of the trial court granting summary judgment in favor of Dr. Traub and granting Medical Arts Group's exception of no cause of action. Costs of this appeal are to be paid by Amber J. Hammond, plaintiff-appellant herein.
AFFIRMED.