### Jennifer ALPHONSE

v.

### OMNI HOTELS MANAGEMENT CORPORATION, et al.

### Civ. A. No. 90–4512.

United States District Court,
E.D. Louisiana.

Feb. 27, 1991.

---

Richard Monroe Garner, Abbott, Best & Meeks, New Orleans, La., for plaintiff.

David Israel, Gregory A. McConnell, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendant Omni Hotel Management Corp.

ARCENEAUX, District Judge.

Before the Court is the motion to remand filed by plaintiff and noticed for hearing on January 23, 1991. By order of the Court, the matter was submitted on the briefs without oral argument. After review of the motion, the memoranda, the record, and the law, the Court finds the motion to have merit.

Jennifer Alphonse filed suit in the Civil District Court of Orleans Parish, Louisiana, against defendants, Omni Hotel Management Corporation ("Omni"), Ronald Pincus, Frank Gianelli, and Henry Tebbe, for discrimination at her job under La.Rev.Stat. 23:1006. Omni was served with the suit on August 8, 1990. Plaintiff did not serve the remaining defendants.

On September 24, 1990, Omni filed in the state court an answer to the petition and a motion to dismiss for failure to state a cause of action against Pincus, Gianelli, and Tebbe, on the basis that they were not "employers" for purposes of suit under La.Rev.Stat. 23:1006. That motion was noticed for hearing before the state court judge on November 2, 1990. At the hearing, the state court judge did not rule on the merits of the motion, but did order the dismissal of the unserved defendants unless plaintiff served them by November 12, 1990. An order from the state court attached to Omni's supporting memorandum reflects this decree.

On November 12, 1990, the plaintiff submitted a letter to the Clerk of the Orleans Parish Civil District Court requesting service be made on the three unserved defendants. On November 13, 1990, Omni filed a notice of removal in this Court on the basis of diversity jurisdiction. Plaintiff now seeks to have the case remanded to the state court since there are non-diverse parties, plaintiff has a claim against the non-diverse parties, and alternatively, the notice of removal was not timely filed.

Omni raises three grounds in opposition to the motion to remand and in support of removal: 1) the incident which gave rise to removability was either November 2, 1990, the date of the state court judge's decree, or November 12, 1990, the date by which plaintiff was to serve the three defendants but failed to timely do so; 2) this Court has diversity jurisdiction over the case since plaintiff never served the three resident defendants; and 3) the plaintiff fraudulently joined the resident defendants for the

purpose of defeating diversity, knowing that plaintiff had no claim against the three supervisors.

Removal is governed generally by 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). The notice of removal is to be filed within thirty days of receipt of the initial state court pleading by the defendant; or, if the case stated in the initial pleading is not removable, the defendant has thirty days from the receipt of the pleading or order from which it first can be ascertained that the case is removable. 28 U.S.C. § 1446(b).

■ Omni normally would have had until September 8, 1990, or thirty days from receipt of the initial petition to file its notice of removal. Omni alleges that it could not remove at that time because the plaintiff had named three non-diverse defendants. On September 24, 1990, Omni filed its motion to dismiss the plaintiff's action against the three non-diverse parties on the basis that plaintiff had no cause of action under Louisiana law against them. Omni, therefore, knew at or before that time that the plaintiff had not served the three non-diverse defendants, and that it had an arguable basis for removal. The Court is not convinced that removability was manifested only after the state court hearing on November 2, 1990.

Nevertheless, by November 13, 1990, when the notice of removal was filed, plaintiff was actively pursuing service on the non-diverse defendants as of November 12, 1990. Omni was aware of this fact. The plaintiff's activity to institute service placed in question the removability of the case.

■ Under 28 U.S.C. § 1441(b), the matter may be removed if the properly joined "and served" parties are citizens of different states. The mere naming of non-diverse defendants does not alone defeat diversity for removal purposes. *Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606 (E.D.La.1980). Where the plaintiff has acted in such a manner as to indicate no intention of proceeding against these non-diverse parties, the action may be removable. *Aydell v. Sterns*, 677 F.Supp. 877 (M.D.La.1988); *Schwegmann Bros. Giant Super Markets, Inc.* However, if the parties are simply not yet served, their citizenship may be considered in establishing diversity for purposes of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Thus, where the plaintiff takes action towards service of the non-diverse parties, the Court must consider the citizenship of the parties. *Aydell.* In the instant case, by the time Omni filed the notice of removal, plaintiff had taken active steps toward initiating service.

■ Since the Court must look to the time of the filing of the notice of removal to establish jurisdiction, the plaintiff's attempt at service is critical in determining removal jurisdiction. At the time of removal, the citizenship of these defendants was a consideration. Thus, at the time of the filing of the notice of removal, diversity did not exist, and this Court had no jurisdiction. *See Aydell.*

■ Defendant argues, however, that these non-diverse defendants were joined for that purpose, that is, to destroy the diversity jurisdiction of this Court. The Court finds no merit in the defendant's claim concerning the fraudulent joinder. Fraudulent joinder suggests that fraud exists in the plaintiff's pleading of jurisdictional facts or that no possibility exists in plaintiff's ability to establish a cause of action against the non-diverse defendants in state court. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). In considering fraudulent joinder, the Court is called upon to determine whether the plaintiff has stated a viable claim in the

state court based on the facts involved. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968).

In the instant matter, defendant asserts that the plaintiff has no claim against the three non-diverse defendants because they are not considered employers under La. Rev.Stat. 23:1006. Under Louisiana law, an employee can sue its employer for job discrimination under La.Rev.Stat. 23:1006. That provision defines an employer as follows:

> For the purpose of this Part, "employer" means and includes a person, association, legal or commercial entity, labor union, employment agency, the state, its agencies, boards, commissions, or political subdivisions, receiving services from an individual and in return giving compensation of any kind to said individual and who employs more than fifteen employees.

La.Rev.Stat. 23:1006(A)(1). Omni contends that, since the term "supervisor" does not appear in the text of the definition, the three non-diverse defendants cannot be considered employers, and the plaintiff has no viable claim against them.

In support of this contention, Omni argues that the Louisiana legislature must have intended that supervisors not be included as employers since the definition is more restrictive than the federal definition under Title VII of the 1964 Civil Rights Act and the United States Code.[1] The Court lends no credence to this argument. A review of both Louisiana case law, as well as case law from this Circuit, reveals that the courts have continually turned to Title VII, and the cases interpreting it, to define and enforce the Louisiana discrimination statutes, including La.Rev.Stat. 23:1006. *Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir.1989) ("... Louisiana courts have determined that their state's

statute is 'similar in scope' to Title VII and they have 'look[ed] to the federal statute in determining whether [a] plaintiff has asserted a cause of action for sexual discrimination' under the Louisiana provision."); *Williams v. Conoco, Inc.*, 860 F.2d 1306, 1307 (5th Cir.1988); *Polk v. Pollard*, 539 So.2d 675 (La.App.Ct. 3rd Cir.1989); *Bennett v. Corroon & Black Corp.*, 517 So.2d 1245 (La.Ct.App. 4th Cir.1987), *cert. denied*, 520 So.2d 425 (La.1988).

The federal statutory provisions under Title VII and 42 U.S.C. § 2000-e(b), defines employer such as to include "any agent" of "a person engaged in an industry affecting commerce who has fifteen or more employees ..." Under such a definition, courts have found supervisors to be employers. *See Harvey v. Blake*, 913 F.2d 226 (5th Cir.1990). In applying this to the Louisiana statute, the Louisiana court may find that the three non-diverse defendants are employers, thereby permitting plaintiff to proceed in state court against these defendants. Plaintiff therefore has a viable claim in state court and did not fraudulently join the three non-diverse defendants.

The Court finds that it was without jurisdiction at the time of the filing of the notice of removal and that the case was improvidently removed. Therefore,

IT IS ORDERED that the motion to remand be and is hereby GRANTED and that this matter be remanded to the Civil District Court of Orleans, Louisiana.

---

1. The Court also notes that Omni relies on one Louisiana case to establish that a supervisor is not an employer, *Onyeanusi v. Times–Picayune Pub. Corp.*, 485 So.2d 622 (La.App.Ct. 4th Cir. 1986). In that case, the Louisiana Court of Appeals held that the newspaper was not an employer since it did not pay wages, withhold taxes, or pay other employment benefits to the newspaper delivery person. This case is factually distinguishable from the instant case and the Court finds it unimpressive.