896 F.Supp. 631 (1995)
Wayne GALBRETH
v.
BELLSOUTH TELECOMMUNICATIONS, INC.
Civ. A. No. 95-1919.
United States District Court, E.D. Louisiana.
August 22, 1995.
Barbara G. Haynie, Donelon, Faust & Donelon, Metairie, LA, for plaintiff.
Wayne Thomas McGaw, New Orleans, LA, for defendants.

ORDER AND REASONS
JONES, District Judge.
Pending before the Court are plaintiff's motion to remand this matter to state court and a motion to dismiss by defendants Aaron Begnaud and Barbara Johansen, which were taken under submission on an earlier date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS defendants' motion and DENIES plaintiff's motion.

Background
Plaintiff originally filed this lawsuit in Civil District Court for the Parish of Orleans, State of Louisiana, alleging racial discrimination under two Louisiana statutes, LSA-R.S. 23:1006 et seq. and LSA-R.S. 51:2231 et seq. (Plaintiff's Petition for Damages, attached to R.Doc. 3.) Named as defendants are Bellsouth Telecommunications, Inc. (hereinafter "Bellsouth") and two individuals, Aaron Begnaud and Barbara C. Johansen. Id.
Plaintiff alleges that Johansen was plaintiff's acting supervisor during the absence of his supervisor, Begnaud. Id. Plaintiff further alleges that in March 1995 Begnaud rated plaintiff's performance for 1994 at a level which denied plaintiff a salary increase. Id. Plaintiff contends that Begnaud's decision took into account Johansen's recommendations from 1994. Id.
Plaintiff also complains, among other things, that Begnaud discriminated against him based upon his race in various ways, including Begnaud's favoring of white employees over plaintiff as to various aspects of his job and as to awards and recognition. Id.
Galbreth seeks judgment in solido against defendants for general damages, pain and suffering, back pay, related benefits, attorneys' fees and costs. Id.
Defendants removed this matter pursuant to 28 U.S.C. § 1441(a), alleging that diversity *632 jurisdiction exists under 28 U.S.C. § 1332(a) between plaintiff, a Louisiana resident, and Bellsouth, a Georgia corporation, and that defendants Begnaud and Johansen  both Louisiana residents  had been fraudulently joined as defendants to prevent removal. (R.Doc. 1.)
Plaintiff moves the Court to remand this matter, arguing that the individual defendants were not fraudulently joined. Plaintiff relies on Alphonse v. Omni Hotels Management Corp., 757 F.Supp. 722 (E.D.La.1991) (Arceneaux, J.) for this proposition. Galbreth opposes defendants' motion to dismiss on the basis of this same argument.
Similarly, Begnaud and Johansen rely on the same argument in opposition to the motion to remand as in support of their motion to dismiss, i.e., as construed by a recent Fifth Circuit decision and two recent decisions from this district,[1] there is no cause of action for discrimination under the aforementioned Louisiana statutes against Begnaud and Johansen as plaintiff's supervisors.

Law and Application
The standards for determining defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for determining whether Begnaud and Johansen were fraudulently joined as defendants so as to defeat diversity jurisdiction are virtually identical.
A Rule 12(b)(6) motion should only be granted "if it appears that no relief could be proved under any set of facts that could be proved consistent with the allegations." Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir.1986) (citation omitted). Further, in reviewing such a motion, "the court must accept as true all well-pleaded averments and view them in the light most favorable to the plaintiff." American Waste & Pollution Control Company v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991).
Similarly, in deciding whether a plaintiff has fraudulently joined defendants, "[t]he removing party `must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the instate defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir.1989), quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).[2]
In determining whether remand is appropriate [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. In addition, any uncertainties in controlling substantive law must be applied in favor of the plaintiff. Applying these rubrics, the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant.
Laughlin, 887 F.2d at 190 (citations omitted).
The issue, then, is whether plaintiff has stated a valid cause of action against Begnaud and Johansen under state law. Pursuant to LSA-R.S. 51:2242 A.(1) and (2), an "employer" may not discriminate against an employee or prospective employee because of "race, creed, color, religion, sex, age, disability ... or national origin." The term "employer" is defined, in pertinent part, as "any person employing eight or more persons within the state, or any person acting as an agent of an employer, directly or indirectly." LSA-R.S. 51:2232(4).
Like LSA-R.S. 51:2242 A., LSA-R.S. 23:1006 B. prohibits discrimination in employment "because of race, color, religion, sex, disability ... or national origin." Under that statute, "`employer' means and includes a person, association, legal or commercial entity ... receiving services from an individual *633 and who employs more than fifteen employees." LSA-R.S. 23:1006 A.(1).
Louisiana courts and federal courts applying Louisiana law have typically looked to federal law to interpret the meaning of Louisiana anti-discrimination statutes. See, e.g., Hammond v. Medical Arts Group, Inc., 574 So.2d 521, 523 (La.App. 3rd Cir.1991), quoting Polk v. Pollard, 539 So.2d 675, 676, 677 (La.App. 3rd Cir.1989); Spears v. Rountree Oldsmobile-Cadillac Co., 653 So.2d 182, 184 (La.App. 2nd Cir.1995); Wyerick v. Bayou Steel Corp., 887 F.2d 1271, 1274 (5th Cir. 1989); Alphonse v. Omni Hotels Management Corp., 757 F.Supp. at 725.
In a recent case the Fifth Circuit "concluded that Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.] does not permit the imposition of liability upon individuals unless they meet Title VII's definition of `employer.'" Grant v. Lone Star Company, 21 F.3d at 653. After trial a jury had found all defendants but plaintiff's manager not liable. Id. at 651. The trial court held that the manager was not liable as plaintiff's employer but "personally because he participated directly" in the discriminatory acts against plaintiff. Id. After examining Title VII's definition of "employer" and surveying Fifth Circuit, Ninth Circuit and Eleventh cases construing that definition in matters against public and private employers, the court of appeals determined that Title VII only prohibits discrimination by employers, not by individual persons. Id. See also Jackson v. Bayou Industries, Inc., 1995 WL 133332 *3 (Vance, J.) (Title VII and LSA-R.S. 23:1006 "proscribe the conduct of `employers,' rather than the conduct of persons").
In reaching its decision in Grant, the court of appeals discussed an earlier Fifth Circuit case, Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir.1990), which the Grant court described as implying "that a title [sic] VII plaintiff cannot recover against a public employee in his individual capacity." Grant, 21 F.3d at 652.
The Grant court also cited with approval Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991) for the proposition that the proper method for recovering under Title VII is to sue the employer, "either by naming the supervisory employee as agent of the employer or by naming the employer directly." Grant, 21 F.3d at 652. However, "relief granted under Title VII is `against the employer, not against the individual employees whose actions constituted a violation of [Title VII].'" Id., quoting Busby, 931 F.2d at 772.
Because the Fifth Circuit has construed Title VII to allow for awards of damages only against the employers, not individuals who act as supervisors, the Court finds that Louisiana law similarly provides no claim against supervisors under either LSA-R.S. 23:1006 or LSA-R.S. 51:2242. Indeed, the Court notes that one of the Louisiana courts of appeal has found that, on the basis of the plain language of LSA-R.S. 23:1006, summary judgment was proper against a plaintiff's supervisor who was not her employer. See Hammond, 574 So.2d at 522; Poche v. Travelers Insurance Companies, 1995 WL 442050 *1 (plaintiff has no claim against defendant supervisors as "employers" under LSA-R.S. 23:1006, citing Hammond).
As to LSA-R.S. 51:2232(4), the Court is aware that its definition of "employer" includes "any person acting as an agent of an employer, directly or indirectly." However, the Title VII definition of "employer" contains a similar provision, i.e., "any agent of such a person" who engages in interstate commerce and employs more than fifteen employees for a certain period of time. 42 U.S.C. § 2000e(b).
Further, the "purpose and intent of the legislature [in enacting LSA-R.S. 51:2231 et seq. is] to provide for execution within Louisiana of the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972...."
Because Louisiana courts have traditionally looked to federal interpretations of the Civil Rights Act of 1964, because in LSA-R.S. 51:2231 the Louisiana legislature has specifically "adopted" the policies of Title VII, and because Title VII as construed by the Fifth Circuit does not allow for relief for damages against individuals who are supervisors but only against the actual employer of a plaintiff, the Court finds that plaintiff "has no possibility of establishing a valid cause of *634 action against the in-state defendant[s]," his supervisors. Laughlin, 882 F.2d at 190. Hence, Begnaud and Johansen were fraudulently joined as defendants. For the same reasons, the Court finds that "no relief could be granted [against plaintiff's supervisors] under any set of facts that could be proved consistent with the allegations." Baton Rouge Bldg. & Constr. Trades Council, 804 F.2d at 881. Therefore, plaintiff fails to state a claim against the individual defendants.
The remaining issue is whether diversity existed at the time of removal because "[t]he power to remove is evaluated at the time of removal." Federal Savings & Loan Insurance Corporation v. Griffin, 935 F.2d 691, 696 (5th Cir.1991). See also Saunders v. Rider, 805 F.Supp. 17 (E.D.La.1992) (Feldman, J.) ("federal jurisdiction is determined at the time of removal"). In view of the foregoing finding that Begnaud and Johansen were fraudulently joined as defendants, the Court finds diversity jurisdiction existed between plaintiff, a Louisiana resident, and Bellsouth, a Georgia corporation, at the time of removal.
Finally, the Court addresses plaintiff's reliance on Alphonse v. Omni Hotels Management Corporation for the proposition that he has stated a cause of action against Begnaud and Johansen. The late Judge Arceneaux did not have the benefit of the Fifth Circuit's decision in Grant when he found that "courts have found supervisors to be employers." Alphonse, 757 F.Supp. at 725. Further, Judge Arceneaux relied on Harvey v. Blake, 913 F.2d 226 (5th Cir.1990). In Grant, however, the court of appeals stated that "[i]n Harvey v. Blake ... we also implied that a title VII plaintiff cannot recover against a public employee in his individual capacity." Grant, 21 F.3d at 652. Indeed, in concluding that liability under Title VII can be imposed only on individuals who qualify as "employers," the Fifth Circuit found "no reason to limit the rationale of ... Harvey v. Blake to the realm of public employee disputes." In view of Grant's interpretation of Harvey v. Blake, which is contrary to the interpretation given by Judge Arceneaux, the Court finds that Alphonse is inapposite.
Accordingly,
IT IS ORDERED that plaintiff's motion to remand is DENIED.
IT IS FURTHER ORDERED that the motion to dismiss filed by defendants Aaron Begnaud and Barbara C. Johansen is GRANTED.
NOTES
[1] Grant v. Lone Star Company, 21 F.3d 649, 653 (5th Cir.1994); Jackson v. Bayou Industries, Inc., 1995 WL 133332 *3 (E.D.La.1995) (Vance, J.); Poche v. Travelers Insurance Companies, 1995 WL 442050 *1 (E.D.La.1995) (McNamara, J.).
[2] There is no allegation of "outright fraud" in this matter.