**Frank MARABELLA**

v.

**AUTONATION U.S.A. CORP.
and Al Prendergast.**

**Nos. Civ.A. G–99–693, Civ.A. G–00–50.**

United States District Court,
S.D. Texas,
Galveston Division.

April 3, 2000.

Ervin A. Apffel, Jr., McLeod Alexander et al, Galveston, TX, for Frank Marabella, plaintiff.

Lisa H. Pennington, Baker and Hostetler, Houston, TX, for Autonation USA Corporation, defendant.

## *ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT PRENDERGAST'S MOTION TO DISMISS*

KENT, District Judge.

Plaintiff alleges that Defendants discriminated against him on the basis of both age and disability. Plaintiff's claims are brought exclusively under the Texas Commission on Human Rights Act, Tex.Lab. Code Ann. § 21.001 et seq. ("TCHRA"). Plaintiff originally brought suit in the 56th Judicial District Court of Galveston County. Defendants timely removed the action to this Court on November 10, 1999. Now before the Court is Defendant Al Prendergast's Motion To Dismiss And All Defendants' Response To Plaintiff's Motion to Remand and Plaintiff's Amended Motion To Remand, filed February 28, 2000. For reasons set forth more fully below, Plaintiff's Motion to Remand is **DENIED,** and Defendant Prendergast's Motion to Dismiss is **GRANTED.**

### I.  *Motion to Remand*

An examination of the face of Plaintiff's Complaint reveals there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Consequently, for this Court to enjoy subject matter jurisdiction over this removed action, there must be complete diversity of citizenship between the properly joined Plaintiffs and Defendants, 28 U.S.C. § 1332, and no properly joined Defendant may be a resident of the state of Texas, 28 U.S.C. § 1441(b).

The other requirement for diversity jurisdiction is satisfied because neither party disputes that the amount in controversy exceeds $75,000. The parties also agree that Defendant Autonation USA Corp. is a resident of the state of Florida, while both Plaintiff Marabella and Defendant Prendergast are residents of Texas.

Whether Prendergast has properly been joined as a defendant is the key to resolving the Motion before the Court. Defendants contend that Prendergast was fraudulently joined and should be dismissed. If Prendergast is dismissed as a party to this suit, then removal is clearly warranted because there is complete diversity of citizenship between Plaintiff and the remaining Defendant. Plaintiff, on the other hand, contends that Prendergast is a proper defendant in this action. If Plaintiff is correct, removal would be improper for two reasons: there would not be complete diversity between the Plaintiff and the Defendants as required by 28 U.S.C. § 1332, and one Defendant would be a resident of the state in which the removal court sits, contrary to the provisions of 28 U.S.C. § 1441(b).

■ The Court begins by noting that "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either

that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law."; *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Since the parties agree that Plaintiff Marabella and Prendergast are both residents of Texas, Defendants are not alleging any fraud in Plaintiff's pleading of jurisdictional facts. Hence for Defendants to defeat Plaintiff's Motion for Remand, Defendants must establish that Plaintiff has no possibility of recovering against Prendergast under Texas law.

In assessing a "no possibility of recovery" fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson*, 99 F.3d at 751; *Burden*, 60 F.3d at 216. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990); *see also Burden*, 60 F.3d at 216.

Although Defendants' burden is a heavy one, the court finds that Defendants here have carried it. Defendant Prendergast worked as the general manager of Autonation, and was the employee responsible for carrying out the demotion of which Plaintiff complains. To prove that Plaintiff cannot possibly recover against

Prendergast, Defendants point out that Texas state and federal courts have uniformly held that supervisory personnel are not liable in their individual capacity under the TCHRA. *See City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex.App.—Austin, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."); *Chavez v. McDonald's Corp.*, No. CIV. A. 3:99–CV–1718D, 1999 WL 814527 at *2 (N.D.Tex. Oct.8, 1999) (Fitzwater, J.) (finding supervisor to have been fraudulently joined because the TCHRA does not permit suit against managerial employees in their individual capacities); *Whitworth v. Lance, Inc.*, No. Civ. A. 3:96–CV–3218P, 1997 WL 446455 at *3 (N.D.Tex. July 28, 1997) (Solis, J.) (reviewing copious federal and state authority, and holding that plaintiff had no possibility of establishing a valid claim against a plant manager under the TCHRA).

Because Plaintiff brings claims exclusively under the TCHRA, the Court concludes there is no possibility of recovery against Defendant Prendergast, and thus his citizenship may be disregarded in assessing the existence of removal jurisdiction. Consequently, Plaintiff's Motion to Remand is **DENIED**.

## II. Dismissal of Claims Against Prendergast

Defendant Prendergast also contends that the claims against him should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Capital Collateral Inc. v. FDIC*, 96 F.3d 760, 764 (5th Cir.1996). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Mali-*

*na v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993).

The standard used to determine whether a party has been fraudulently joined—no possibility of recovery under state law against the in-state defendant—is quite similar to the standard used to determine whether to grant a Rule 12(b)(6) motion—apparent certainty that plaintiff can prove no set of facts which would entitle him to relief. *See Whitworth,* 1997 WL 446455 at *2 n. 5; *Galbreth v. Bellsouth Telecommunications,* 896 F.Supp. 631, 632 (E.D.La. 1995) (noting that the two standards are "virtually identical").

Since the Court has already established that Plaintiff cannot possibly recover against Prendergast under the only state law theory advanced by Plaintiff, the Court concludes that Plaintiff can prove no set of facts which would entitle him to relief against Prendergast. Consequently, Prendergast's Motion To Dismiss is **GRANTED.**

### *III. Conclusion*

Plaintiff's Motion to Remand is **DENIED.** Defendant Prendergast's Motion to Dismiss is **GRANTED,** and this Defendant is hereby **DISMISSED** as a party to this action. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. In due course the Court will enter a final judgement on the dismissed claim.

**IT IS SO ORDERED.**