STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 04-1116


PEGGY PIAZZA

VERSUS

GREG MANUEL, ET AL.


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2003-6639,
HONORABLE GLENNON EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy H. Ezell, Judges.


WRIT DENIED.


Sera H. Russell, III
Attorney at Law
111 Mercury Street
Lafayette, Louisiana  70503
(337) 237-7171
Counsel for Defendant/Applicant:
        Greg Manuel
        Manuel Builders, L.L.C.

Michael D. Hebert
Milling, Benson, Woodward
101 La Rue France, Suite 200
Lafayette, Louisiana  70508
(337) 232-3929
Counsel for Plaintiff/Respondent:
        Peggy Piazza

**John W. Penny, Jr.**
**Attorney at Law**
**Post Office Box 2187**
**Lafayette, Louisiana   70502**
**(337) 231-1955**
**Counsel for Plaintiff/Respondent:**
**Peggy Piazza**

SULLIVAN, Judge.

Defendants seek a writ of review of the trial court's denial of their motion for summary judgment, which sought to have Plaintiff's claims of sexual harassment under La.R.S. 23:332 dismissed. We called the matter up for full argument and, for the reasons set forth below, deny the writ finding no error in the trial court's ruling.

### Facts

Peggy Piazza was employed for a period of time by Manuel Builders, L.L.C., (Manuel) as a bookkeeper. After she left Manuel, she filed suit against it and Greg Manuel, Manuel's manager, asserting claims of sexual harassment pursuant to La.R.S. 23:332. Manuel[1] filed a motion for summary judgment, asserting that it does not satisfy the definition of "employer" for purposes of La.R.S. 23:332. After a hearing, the trial court denied the motion. Manuel filed a supervisory writ, seeking review of the trial court's denial of summary judgment. We granted the writ to determine the correctness of the trial court's action.

### Standard of Review

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). "A fact is 'material' when its existence or nonexistence may be

_____

[1]Unless otherwise indicated, references to Manuel include Greg Manuel.

essential to plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

Manuel will not bear the burden of proof at trial. Therefore, it is not necessary that it negate all essential elements of Ms. Piazza's action, but rather that it merely point out to the court that there is an absence of factual support for one or more elements essential to her action. La.Code Civ.P. art. 966(C)(2); *see also Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131. If Manuel meets this initial burden, the burden then shifts to Ms. Piazza to present factual support adequate to establish that she will be able to satisfy the evidentiary burden at trial. *Id.* If she fails to meet this burden, there is no genuine issue of material fact, and Manuel is entitled to summary judgment as a matter of law. *Id.*

### *Discussion*

Manuel is a general contractor; it employs traditional employees and utilizes independent contractors in its construction business. It asserts that the trial court erred in denying its motion for summary judgment, arguing it is not an employer for purposes of La.R.S. 23:332 because it "had fewer than twenty employees at the time Ms. Piazza's claim for sexual harassment allegedly arose." Ms. Piazza contends that Manuel does satisfy the definition of employer, urging that persons classified by Manuel as "independent contractors" are really its employees.

Terms pertinent to the application of La.R.S. 23:332 are defined in La.R.S. 23:302. Employer is defined as:

> [A] person, association, legal or commercial entity . . . receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

2

La.R.S. 23:302(2). Employee is defined as "an individual employed by an employer." La.R.S. 23:302(1).

Manuel contends that none of the independent contractors whose services it utilizes are its employees. Citing *Onyeanusi v. Times-Picayune Publ'g Corp.*, 485 So.2d 622 (La.App. 4 Cir. 1986), *Duplessis v. Warren Petroleum, Inc.*, 94-1794 (La.App. 4 Cir. 3/27/96), 672 So.2d 1019, and *Langley v. Pinkerton's, Inc.*, 220 F.Supp.2d 575 (M.D. La. 2002), it argues that a traditional test of employment, i.e., the withholding of federal, state, unemployment, or social security taxes from monies it pays the independent contractors, should be applied to determine whether the independent contractors are its employees.

In these cases, the issue was whether the plaintiffs were employees of the defendant. None of the plaintiffs were compensated by the alleged employers; therefore, none of the defendants were employers under the definition of La.R.S. 23:302(2). While each court commented on the fact that no federal, state, unemployment, or social security taxes were withheld by any of the defendants, the statements were unnecessary because the defendants did not pay any compensation to the plaintiffs from which taxes could be withheld. That is not the case here. The independent contractors in this case provided services to and received compensation from Manuel; therefore, it may be their employer under the plain language of La.R.S. 23:302(2).

Louisiana courts look to federal jurisprudence to interpret Louisiana discrimination laws because of the similarity in scope to the federal prohibition against discrimination provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17. *King v. Phelps Dunbar, L.L.P.*,

3

98-1805 (La. 6/4/99), 743 So.2d 181. In *Arbaugh v. Y&H Corp.*, 380 F.3d 219 (5th Cir. 2004), the plaintiff's claims of sexual harassment under Title VII presented the same issue presented here: did the defendant employ the requisite number of persons with regard to the plaintiff's claims of sexual harassment. The plaintiff asserted that delivery drivers, the defendant cafe's owners, and their wives were employees under Title VII. The Fifth Circuit outlined the test used to determine whether persons are employees for purposes of Title VII:

> [W]e determine whether a plaintiff is an "employee" for Title VII purposes by applying the hybrid economic realities/common law control test first advanced in *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C.Cir.1979). . . . Although other factors are relevant, the most important factor is "the extent of the employer's right to control the 'means and manner' of the worker's performance." The factors pertinent to this inquiry include: (1) ownership of the equipment necessary to perform the job; (2) responsibility for costs associated with operating that equipment and for license fees and taxes; (3) responsibility for obtaining insurance; (4) responsibility for maintenance and operating supplies; (5) ability to influence profits; (6) length of the job commitment; (7) form of payment; and (8) directions on schedules and on performing work.
>
> . . . .
>
> This Circuit has also recognized the additional factors identified in *Spirides*, that are relevant to this inquiry, including:

> > (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer;" (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

4

*Arbaugh*, 380 F.3d at 226-228 (citations omitted).

The issue here is whether framing contractors used by Manuel are independent contractors or its employees. Ms. Piazza testified in her deposition that there are at least twelve field construction workers (framers) who worked exclusively or almost exclusively for Manuel during her employment. She also testified that some of the framers considered themselves to be Manuel's employees, relating that they had creditors call Manuel to verify employment. Manuel's tax records indicate that during Ms. Piazza's employment, Manuel reported between eight and ten employees for tax purposes. Ms. Piazza points out that if these twelve framers are Manuel's employees, Manuel employed the twenty employees required by La.R.S. 23:302(2) during her employment.

In his deposition, Mr. Manuel admitted that some of the framers did work exclusively for Manuel. However, he qualified his testimony, stating that they did so out of preference, that Manuel did not require them to do so, and that Manuel never questioned whether they worked for others. Mr. Manuel also testified that Manuel 1) uses independent contractors for the roofing, framing, plumbing, electrical work, cement finishing, sheetrock work involved in its business; 2) establishes the price to be paid for the job to be done with each independent contractor;[2] 3) uses work orders to pay independent contractors; 4) allows independent contractors to make draws on work being performed; 5) issues 1099s to independent contractors without withholding taxes of any kind; 6) requires independent contractors to provide their own insurance. He further testified that 1) some independent contractors requested draws every two weeks while some waited until the job was complete; 2) some

---

[2]Mr. Manuel's references to independent contractors includes framers, unless otherwise noted.

5

framers were kept busy year round; 3) at least one framer performed some work for others; 4) he did not know exactly how many framers Manuel utilized in its operations, and 5) Manuel provides some supplies, lumber and nails, for framers.

The trial court determined that Manuel did not meet its burden of proof, finding that a material issue of fact existed with regard to whether it had fewer than twenty employees during the time Ms. Piazza claims the alleged harassment occurred. We agree. In light of Ms. Piazza's testimony, Manuel did not adequately address the factors of the hybrid economic realities/common law control test outlined in *Arbaugh*, 380 F.3d 219, to establish that the framers are not its employees, and, therefore, did not establish that there is no genuine issue of material fact as to whether it has fewer than twenty employees for purposes of La.R.S. 23:302(2).

### *Disposition*

The judgment of the trial court, denying the motion for summary judgment, is affirmed and the writ is denied. Costs are assessed to Greg Manuel and Manuel Builders, L.L.C.

**WRIT DENIED**.