399 So.2d 1200 (1981)
Joseph H. BAYNARD
v.
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.
No. 14111.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*1201 John Dale Powers, Baton Rouge, for plaintiff-appellant Joseph H. Baynard.
Neil H. Mixon, Baton Rouge, for defendant-appellee The Guardian Life Ins. Co. of America.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge.
This is a suit by Joseph H. Baynard against The Guardian Life Insurance Company of America, for damages arising out of the alleged wrongful termination of the district agent contract formerly existing between them.
The petition alleges that plaintiff and defendant entered into a district agent contract on April 1, 1962, and that the contract was wrongfully terminated in 1976. It is further alleged that, after the contract was terminated, defendant interfered with plaintiff's business in a number of respects, and, both before and after the termination of the contract, had made unauthorized charges against plaintiff's commissions and had delayed paying commissions due. Plaintiff therefore asked for an accounting of all of his business with defendant from 1962 to the present time.
It is further alleged that defendant wrongfully discriminated against plaintiff because of his age, having terminated his contract because he was 65 years of age, when it was not defendant's uniform practice to do so, causing him loss of commissions and overrides. Plaintiff further alleges that, as a result of defendant's alleged improper conduct, he has suffered "mental anxiety, aggravation, frustration, and anger." Plaintiff further alleges that various practices of defendant have caused some of his clients to cancel their insurance, some of their policies to lapse, and has caused strained business relationships with some of his clientele.
As a result of all of the above, plaintiff asks damages in the amount of $300,000.00 and for all such amounts as may have been wrongfully withheld from him by defendant.
Defendant's answer essentially denied the allegations of the petition, and affirmatively alleged that, under the terms of their contract, either party could terminate the agreement at any time by notice to the other party; that it was the policy of the company to ask district agents to retire on reaching age 65; that plaintiff was so advised and elected to retire under one of defendant's retirement plans; and that plaintiff began receiving retirement benefits on January 1, 1977, and was continuing *1202 to receive them. Defendant denied all liability.
After a great deal of discovery, by interrogatories and admissions, defendant filed an exception of no cause of action, and, alternatively, a motion for summary judgment, asking dismissal of the suit as to the allegations of age discrimination and wrongful termination of the contract.
After a hearing, the motion for summary judgment was granted, and judgment was signed dismissing plaintiff's causes of action for age discrimination and wrongful termination of the contract. Plaintiff has appealed.
Plaintiff first contends that the civil law provides a remedy for age discrimination apart from any special statutes on the subject. He points to the fact that Article I, Section 3 of the Constitution of 1974 provides:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
Plaintiff argues that the constitution recognizes that age discrimination is a fault, and that, through Article 2315 of the Civil Code, redress for injury caused by that fault may be obtained. Of course, the constitutional provision above quoted prohibits discrimination by laws, and plaintiff can point to no law which discriminates against him. Plaintiff, however, argues that Article I, Section 3 establishes a state policy that age discrimination, from whatever source, is wrong, and that the flexible civil law system permits the recognition of a cause of action for age discrimination.
We cannot agree. For us to so hold would constitute an unwarranted intrusion into an area in which the legislature has seen fit to act, albeit too late to be of comfort to plaintiff. If the law were as plaintiff argues it to be, there would have been no necessity for legislative action.
Plaintiff further argues that the state and federal age discrimination statutes are applicable to this case.
The Louisiana age discrimination act, R.S. 23:971 et seq., was enacted in 1978. The federal age discrimination statute was amended in 1978 to include those between 65 and 69 years of age. Therefore, at the time of plaintiff's termination, there was no law in effect protecting him against age discrimination. He claims, however, that these laws are remedial and should be retroactively applied.
Federal courts have declined to apply the age discrimination statute retroactively. Marshall v. Delaware River and Bay Authority, 471 F.Supp. 886 (Del.D.C. 1979); Jensen v. Gulf Oil Refining & Marketing Co., 623 F.2d 406 (5th Cir. C.A.1980). We agree with their reasoning that it is important that "private employers be able to order their affairs to comport with current, reasonable interpretations of existing law." The Louisiana legislation is substantive, conferring rights which did not exist before its enactment, and our civilian interpretive methodology does not permit its retroactive application. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978). We therefore hold that the law provided no basis for an age discrimination action by plaintiff.
The agreement entered into by the parties hereto provides that it is for an indefinite term, but that either party may terminate it at any time, by giving notice in writing to the other party. However, plaintiff's affidavit, filed in opposition to the motion for summary judgment, states that when he signed the contract, he was told by the representative of Guardian that "one of the best things about the contract was that it was for life." Plaintiff contends that the above statement constitutes an oral amendment to the contract, which prevents its termination by Guardian under the written provisions thereof above referred to. The contract itself contains a provision to the *1203 effect that it is the entire agreement, and that any amendment must be in writing and signed by both parties. Guardian also contends that a contract for life is invalid under Louisiana law, and is legally terminable at any time.
It is settled law that a contract for life and a contract for an indefinite period are terminable at the will of either party at any time. Article 167, 2746, Civil Code; Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958); Hodges v. Decoteau, 314 So.2d 500 (La.App. 1st Cir. 1975). It appears that, even if the contract were expressly for life, it could still be terminated at any time by Guardian, as a matter of law. The fact that plaintiff contends that he was told the contract was for life is therefore immaterial, since the legal effect of such agreement is no different from the express terms of the contract.
We find no dispute as to the material facts of the case, and that Guardian is entitled to summary judgment as to the foregoing issues as a matter of law. The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.