483 So.2d 249 (1986)
Betty DAWSON, Charles Jett, Geraldine Madding, et al.
v.
NEW ORLEANS CLERKS AND CHECKERS UNION, LOCAL 1497 INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO and New Orleans Steamship Association.
No. CA-3684.
Court of Appeal of Louisiana, Fourth Circuit.
February 18, 1986.
James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, for plaintiff-appellant Betty Dawson, Charles Jett, Geraldine Madding, et al.
Victor H. Hess, Jr., Hess & Washofsky, New Orleans, for defendant-appellee, New Orleans Clerks and Checkers Union, Local 1497 Intern. Longshoremen's Ass'n, AFL-CIO and New Orleans Steamship Ass'n.
Before GULOTTA, KLEES and LOBRANO, JJ.
KLEES, Judge.
Plaintiffs-Appellants instituted suit against the defendants, alleging employment discrimination on the grounds of race in violation of LSA-R.S. 23:1006. The trial court entered a summary judgment, dismissing plaintiffs' suit as to defendant, New Orleans Clerks and Checkers Union, Local No. 1497, of the International Longshoremen's Association (Union). The court held that the Union did not fall within the statutory definition of "employer."
R.S. 23:1006 defines an employer as "a person, association, legal or commercial entity, labor union, employment agency, the state, its agencies, boards, commissions, or political subdivisions receiving services from an individual and in return giving compensation of any kind to said individual and who employs more than fifteen employees." (Emphasis added). Thus, the statute has a two-fold definition of employer. The issue presented on appeal concerns the second part of the definition, that is, whether the union has more than fifteen employees.
The plaintiffs concede that there are less than fifteen employees involved in the internal affairs of the Union. However, plaintiffs argue that the members of the Union should also be considered as employees of the union. If we accepted their *250 arguments, then indeed the Union would have well over fifteen employees.
The statute in question does not include a definition of "employee". The term "employee" has been defined in federal employment discrimination statutes as an individual employed by another. Cf. 42 U.S.C. § 2000e(c), (f). To be employed means to be hired; to be engaged in one's service. Black's Law Dictionary (5th Edition p. 471). The members of the Union were not hired by or engaged by the Union. The members of the Union chose to join the organization. Accordingly, we hold that the members of the Clerks and Checkers Union are not employees under the statute in question.
A summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits showing that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. article 966.
We find that the trial court was correct in finding that the defendant is entitled to summary judgment as a matter of law. Accordingly, we affirm the trial court's summary judgment dismissing plaintiffs' suit as to the defendant, New Orleans Clerks and Checkers Union Local No. 1497 International Longshoremen's Association.
Affirmed.