Ronald and Gladys **BRADY**

v.

**WAL–MART STORES, INC.**

Civ. A. No. 94–901.

United States District Court, M.D. Louisiana.

July 19, 1995.

Peter T. Dudley, Baton Rouge, LA, for plaintiffs.

Thomas P. Anzelmo, Sr., Isidro René De-Rojas, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, for defendants.

## RULING ON THE PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiff's motion to remand. For the reasons given below, the plaintiff's motion is denied.

### BACKGROUND

Ronald and Gladys Brady ("plaintiffs") originally brought this suit in the Twenty-first Judicial District Court for the Parish of Livingston, State of Louisiana, to recover damages sustained in an accident which allegedly occurred at the Wal–Mart store located in that parish. Named as defendants are Wal–Mart Stores, Inc. and Richard Alred, the store manager at the time of the accident. The defendants timely removed this action to this Court based on the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The plaintiffs, who are Louisiana residents, have now filed a motion to remand this action on the basis that complete diversity does not exist since the defendant, Alred, is also a citizen of Louisiana. The defendants maintain that removal was proper because Alred was fraudulently joined solely to defeat the Court's subject matter jurisdiction.

### FRAUDULENT JOINDER

The removing party bears the heavy burden of demonstrating fraudulent joinder and that the district court has subject matter jurisdiction to hear the claim.[1] Although it is not within the Court's province to attempt to resolve factual disputes regarding matters of substance,[2] the Court is empowered to "pierce the pleadings" to determine whether the non-removing party has a legitimate claim against the non-diverse party under the governing state law which, in this case, is Louisiana.[3] In addition, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the Court is authorized to consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to remand.[4] The standard is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose

1. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Collins v. AAA Rent All, Inc.*, 812 F.Supp. 642, 643 (M.D.La.1993).

2. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 n. 14 (5th Cir.1981).

3. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992).

4. *Carriere*, 893 F.2d at 100; *B., Inc.*, 663 F.2d at 549 n. 9.

joinder is questioned." [5]

Thus, the Court must determine whether the plaintiffs have stated a valid cause of action in tort against Alred such that he could possibly be held individually liable for the plaintiffs' injuries under Louisiana law.

## APPLICATION

It is well-established that in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer.[6] In *Canter v. Koehring Co.,*[7] the Louisiana Supreme Court established the following criteria to determine if the non-diverse defendant owes such a duty to the plaintiff:

1. The principal or employer must owe a duty of care to the customer;

2. This duty must be delegated by the principal or employer to the employee in question;

3. The employee must have breached this duty through his own personal fault; and

4. Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.[8]

When all four prongs are satisfied, the action must be remanded.

In the present case, the plaintiffs allege in their complaint that Gladys Brady was injured when several boxes fell on her shoulder and arms as she attempted to retrieve a bedspread from a shelf. The plaintiffs also contend that Mrs. Brady injured her back as she attempted to avoid the falling merchandise.

In their suit, the plaintiffs allege that Alred was negligent in the following particulars:

(a) stacking merchandise and, more particularly, boxes, above the head of its customers and hence above the head of Gladys Brady in such a manner that they might fall at any moment;

(b) failing to utilize a restraining system for boxes stacked above the customers' heads on the aisle in question and, more particularly, in the area where bedspreads are stored;

(c) failing to warn customers that merchandise stacked above may fall at any moment;

(d) failing to provide employees in sufficient numbers to assist patrons with regard to merchandise stacked above their heads;

(e) failing to timely inspect the boxes that ultimately fell on petitioner to assure that said boxes were secure;

(f) in other respects to be demonstrated at the trial of this matter.[9]

The plaintiffs do not allege nor does the evidence reveal that Alred was the employee who stacked the boxes improperly or who personally caused the accident.[10] In contrast, the plaintiffs seek to impose liability on Alred for breaches of his general administrative duties as store manager. Under similar circumstances, courts have held that the store manager/employee will not be held liable to the plaintiff/customer.[11]

---

**5.** *Carriere,* 893 F.2d at 100. Stated another way, there is no fraudulent joinder if there is arguably a reasonable basis for predicting that a Louisiana state court might impose liability on the non-diverse defendant under the facts of the case. *Jernigan,* 989 F.2d at 816.

**6.** *Ford v. Elsbury,* 32 F.3d 931, 935–36 (5th Cir. 1994); *Canter v. Koehring Co.,* 283 So.2d 716, 721 (La.1973).

**7.** 283 So.2d 716 (La.1973).

**8.** *Canter,* 283 So.2d at 721.

**9.** Pls.' Compl. ¶ 6.

**10.** *See* Pls.' Mem.Supp.Mot.Remand; Pls.' Resp. Ct.'s Order Submit Summ.J.Evidence; Defs.' Mem.Opp'n Mot.Remand; Defs.' Resp.Ct.'s Order Submit Summ.J.Evidence.

**11.** *See Smith v. Armstrong,* No. CIV.A.90–4817, 1991 WL 6132 (E.D.La. Jan. 15, 1991); *Maxwell v. Monsanto Co.,* No. CIV.A.91–15, 1991 WL 42571 (E.D.La. March 26, 1991); *Scott v. Wal-Mart,* No. CIV.A.91–1051, 1991 WL 94182 (E.D.La. May 28, 1991); *Tudbury v. Galloway,*

Thus, the defendants have met their burden of proving fraudulent joinder under the facts of this case. Therefore, the Court finds that the case was properly removed and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Therefore:

**IT IS ORDERED** that the plaintiff's motion to remand be and it is hereby **DENIED.**

No. CIV.A.91–1719, 1991 WL 112013 (E.D.La. June 14, 1991).