Gregory K. CALETKA

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Paul Ross
and Dennis Kennedy.

Civil Action No. 95–0817.

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 24, 1996.

Gregory K. Caletka, Alexandria, LA, pro se.

Robert K. McCalla, Edward F. Harold, McCalla Thompson Pyburn Hymowitz & Shapiro, New Orleans, LA, Mark N. Mallery,

McGlinchey Stafford & Lang, New Orleans, LA, for defendants.

## RULING

LITTLE, District Judge.

For the reasons that follow, this court GRANTS the motion for judgment on the pleadings of defendants Paul Ross and Dennis Kennedy.

### I

Plaintiff Gregory Caletka brought suit on 24 April 1995 against his employer, State Farm Mutual Automobile Insurance Company, as well as two of his supervisors, Paul Ross and Dennis Kennedy. He claimed that he was terminated by State Farm on 31 March 1994 due to the disabling effects of a 1992 automobile accident and that during 1993 and 1994 all three defendants "pressured and otherwise acted towards [him] in such a way as to either force his resignation or create a situation that would allow defendants to terminate [him] from his employment with State Farm." Caletka asserted causes of action under the Louisiana Civil Rights for Handicapped Persons Act (LCRHPA), La.Rev.Stat. § 46:2251 et seq., the Louisiana Commission on Human Rights Act (LCHRA), § 51:2231 et seq., and La.Civ. Code art. 2315 against Ross and Kennedy. Ross and Kennedy filed a motion for judgment on the pleadings on 9 May 1996.

### II

■ We note that we have not received a memorandum in opposition to this motion from Caletka. According to U.L.L.R. 2.07W, "[i]f the respondent opposes a motion, he or she shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available within 15 days after service of the motion." That deadline is now past. Therefore, we examine the motion for legal merit despite having received no opposition from Caletka.

■ A motion for judgment on the pleadings is proper "after the pleadings are closed, but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). The court may grant judgment on the pleadings in two instances: (1) where it is beyond doubt that the nonmovant can prove no set of facts in support of his claim that would entitle him to relief, Nunley v. M/V Dauntless Colocotronis, 696 F.2d 1141 (5th Cir.1983); or (2) where material facts are not in dispute, and the movant is entitled to judgment as a matter of law based on the contents of the pleadings, Greenberg v. General Mills Fun Group., 478 F.2d 254, 256 (5th Cir.1973). The court must view the pleadings and draw all possible inferences in favor of the nonmovant, and may not grant judgment unless, on the admitted facts, the moving party is clearly entitled to judgment. Nunley, 696 F.2d at 1143 n. 2; Resolution Trust Corp. v. Gaudet, 891 F.Supp. 301, 304 (E.D.La.1995).

Both LCHRA and LCRHPA hold employers liable for discharging or otherwise discriminating against otherwise qualified individuals based upon disability or handicap. La.Rev.Stat. § 46:2254; La.Rev.Stat. § 51:2242(1). LCHRA defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding years, and any agent of such person...." La.Rev.Stat. § 51:2242(C)(3). LCRHPA defines "employer" as "a person who has fifteen or more employees ... and includes an agent of such a person." La.Rev. Stat.Ann. § 46:2253(7).

■ Ross and Kennedy claim they cannot be held liable under LCHRA or LCRHPA, because neither qualified as Caletka's employer under the acts. Courts that have construed LCHRA agree that mere supervisors may not be sued as employers under the act. E.g., Galbreth v. Bellsouth Telecommunications, 896 F.Supp. 631, 633–34 (E.D.La.1995). Though apparently no cases have interpreted the LCRHPA definition, Louisiana courts have held that federal court interpretations of the federal employment discrimination statutes may be used to construct the state employment discrimination laws. E.g., Plummer v. Marriott Corp., 654 So.2d 843, 848 (La.App. 4th Cir.1995). The Fifth Circuit has recently held that neither the Age Discrimination in Employment Act nor Title VII of the Civil Rights Act of 1964

permit supervisory employees to be held liable in their individual capacities. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996); *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir.1994). Given these rulings, we conclude that LCRHPA does not permit supervisory employees to be held individually liable for employment discrimination.

Caletka has also brought claims against Ross and Kennedy under La.Civ. Code art. 2315 arising out of the incidents alleged in the complaint. Louisiana is an "employment at will" state. La.Civ.Code art. 2747; *Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1103–04 (La.1988). Exceptions to this general rule such as LCHRA and LCRHPA do exist, but those statutory exceptions serve to eliminate the possibility of article 2315 liability for employment discrimination. *See Baynard v. Guardian Life Ins. Co. of America,* 399 So.2d 1200, 1202 (La.Ct.App. 1st Cir.1981). Thus, even if Caletka could prove the facts he alleges, he could not recover under article 2315 in any event. This claim, too, is properly dismissed.

Thus, for the reasons given above, this court GRANTS the motion for judgment on the pleadings of Paul Ross and Dennis Kennedy.