**Frank Roger HORNSBY**

v.

**ENTERPRISE TRANSPORTATION COMPANY, Richard Bobrik and Deborah Craft.**

**Civil Action No. 97–237–B–M2.**

United States District Court, M.D. Louisiana.

Dec. 12, 1997.

Dan Michael Scheuermann, Fieldstone House Law Offices, Baton Rouge, LA, for Plaintiff.

Robert K. McCalla, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, LA, for Defendants.

**RULING ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST RICHARD BOBRIK AND DEBORAH CRAFT AND CERTAIN CLAIMS AGAINST ENTERPRISE PRODUCTS COMPANY**

POLOZOLA, District Judge.

## I. PROCEDURAL BACKGROUND AND FACTS

The plaintiff originally filed this suit in the Eighteenth Judicial District Court for the parish of West Baton Rouge. The defendants timely removed the case to federal court. The plaintiff has now filed a motion to remand the case to state court. In response to the plaintiff's motion to remand, the defendants argue that the non-diverse defendants, Richard Bobrik and Deborah Craft, were fraudulently joined. If Bobrik and Craft were fraudulently joined, the parties would be completely diverse, and this Court would have proper jurisdiction under 28 U.S.C. § 1332. The plaintiff filed this suit against the defendants for employment discrimination based on sex and/or age in violation of: the Louisiana Constitution, Article 1, Section 3; Louisiana Revised Statutes 23:971 et seq.; Louisiana Revised Statutes 23:1006; and Louisiana Revised Statutes 51:2242. Hornsby has also asserted claims pursuant to Louisiana Civil Code articles 2315 et seq. for emotional distress, mental anguish, humiliation, embarrassment, defamation and loss of earnings. Plaintiff also contends that Bobrik and Craft were Enterprise employees at the time Enterprise employed Hornsby. Plaintiff Hornsby was a citizen of Louisiana when the notice of removal was filed and when the Petition for Removal was filed. Although Enterprise alleges that it is not now and has never been a Louisiana citizen for diversity

jurisdiction purposes, the plaintiff disputes this. In addition to plaintiff's motion to remand, Enterprise has filed a motion to dismiss the claims against Bobrik and Craft and to dismiss certain claims against Enterprise. As the two motions are integrally related, they will be reviewed together.

## II. ANALYSIS OF SUBJECT MATTER JURISDICTION

Defendants bear the burden of proving jurisdiction once a case has been removed to federal court.[1] Defendants base removal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 et seq. As originally filed, complete diversity is lacking between plaintiff and the defendants. Defendants, however, allege that nondiverse parties have been fraudulently joined. Thus, defendants must prove the existence of fraudulent joinder.[2] The Court may make its determination in a summary judgment-like procedure after removal, and may consider evidence outside the pleadings in making its decision.[3] The standard for determining fraudulent joinder is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether or that party has any possibility of recovery against the party whose joinder is questioned."[4]

Enterprise alleges that it is not a resident of Louisiana. The plaintiff disputes this point, but fails to offer any evidence to prove that Enterprise is in fact or should be deemed to be a Louisiana citizen. According to 28 U.S.C. § 1132(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the

State where it has its principal place of business ...." The affidavits provided by Enterprise support the conclusion that Enterprise is not now and has never been incorporated in or had its principal place of business in the State of Louisiana. It is clear that Hornsby is and was a Louisiana citizen at the time the suit was filed and at the time the suit was removed to federal court. Therefore, this Court concludes that Enterprise and Hornsby are in fact diverse parties under 28 U.S.C. § 1332.

Federal diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants.[5] Bobrik and Craft are Louisiana citizens as is the plaintiff. Thus, diversity is lacking unless Bobrik and Craft were fraudulently joined. In reasons which follow, the Court concludes that defendants Bobrik and Craft were fraudulently joined.

■ The plaintiff argues that Bobrik is a proper defendant on the following claims: (1) Louisiana Constitution, Article 1, Section 3; (2) Louisiana Revised Statutes 23:1006; (3) Louisiana Revised Statutes 23:971 and 51:2242; and (4) intentional infliction of emotional distress under Louisiana Civil Code articles 2315 et seq.

The plaintiff further argues that the defendant Craft is a proper defendant because Hornsby alleges she engaged in acts which constitute intentional infliction of emotional distress under Louisiana Civil Code articles 2315 et seq.

■■ Article 1, Section 3 of the Louisiana Constitution addresses only laws which discriminate against individuals.[6] However, this constitutional provision does not create a

1. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed. 2d 150 (1993).

2. *Jernigan*, 989 F.2d at 815.

3. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100; *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed. 2d 35 (1990); *Brady v. Wal–Mart Stores, Inc.*, 907 F.Supp. 958 (M.D.La.1995).

4. *Carriere*, 893 F.2d at 100.

5. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

6. LA CONST ART 1, § 3 provides that:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case a punishment for crime.

cause of action against a private individual or company.[7] Therefore, this Court finds no support to the plaintiff's claim against Bobrik or Craft under this provision as a matter of law.

Hornsby also claims that Bobrik is personally liable to him for violating Louisiana Revised Statutes 23:1006. Bobrik cannot be liable to plaintiff under this statute because it only prohibits discrimination by and creates liability exclusively for "employers."[8] The definition of employers does not encompass individual employees.[9] To satisfy the definition of "employer" under 23:1006 one must: (1) receive services from an individual and in return give compensation to that individual; and (2) employ more than fifteen employees. Both requirements must be met.[10] The plaintiff does not allege that he performed services for and that he personally received compensation from Bobrik. Since Bobrik was not Hornsby's employer, the plaintiff has no claim under 23:1006 against Bobrik or Craft.[11]

The plaintiff has further alleged claims under Louisiana Revised Statutes 51:2232 and 23:971. These statutes also prohibit discrimination by an employer only. In each statute an employer is defined as an entity employing eight or twenty employees, respectively. Neither Bobrik nor Craft meet that definition. In addition, both Louisiana Revised Statutes 23:971 and 51:2232 include in the definition of employer "any agent of such person" (23:971) or "any person acting as an agent of an employer" (51:2232). Courts have uniformly held that defining an employer to include the employer's agents is solely a method of incorporating *respondeat superior* liability and it is not intended to create individual liability.[12] When interpreting Louisiana's discrimination laws, Louisiana courts rely on federal employment case law.[13] The language of Title VII of the Civil Rights Act of 1964 contains language very similar to the agency language used in the Louisiana Statutes. The Fifth Circuit has interpreted the Title VII language to impose liability only upon individuals who independently meet the definition of. employer.[14] Thus, this Court concludes that the plaintiff has failed to state a claim against either Bobrik or Craft under Louisiana Revised Statutes 51:2232 or 23:971.

Finally, the Court finds that the plaintiff has failed to state a claim against either Bobrik or Craft under Louisiana Civil Code article 2315 et. seq. Article 2315 does not create liability for employment discrimination.[15] As to the plaintiff's claims of inten-

**7.** *Baynard v. Guardian Life Ins. Co.*, 399 So.2d 1200 (La.App. 1st Cir.1981).

**8.** La. Rev Stat.23:1006(D) (West 1997) provides: "A plaintiff who has a cause of action against an employer for discrimination in employment may file suit . . . ."

**9.** La. Rev. Stat. 23:1006 (West 1997) defines employer:
> . . . 'employer' means and includes a person, association, legal or commercial entity, labor union, employment agency, the state, its agencies, boards, commissions, or political subdivisions receiving services from an individual and in return giving compensation of any kind to said individual and who employs more that fifteen employees.

**10.** *Dawson v. New Orleans Clerks & Checkers Union*, 483 So.2d 249 (La.App. 4 Cir.1986).

**11.** *See Hammond v. Medical Arts Group, Inc.*, 574 So.2d 521 (La.App. 3 Cir.1991); *Desormeaux v. Wackenhut Services*, 1994 WL 586432; *Galbreth v. Bellsouth Telecommunications*, 896 F.Supp. 631 (E.D.La.1995); *Scott v. Eligibility Services*, 1995 WL 632034 (E.D.La.1995); *Poche v. Travel-*

ers Ins. Companies, 1995 WL 442050 (E.D.La. 1995). The plaintiff has cited *Alphonse v. Omni Hotels Management Corp. et al.*, 757 F.Supp. 722, 55 Fair Empl. Prac. Cas. (BNA) 523 (E.D.La. 1991) to support his claim. This Court finds that case no longer to be an accurate statement of the law.

**12.** *See Caletka v. State Farm Mutual Automobile Ins. Co., et al.*, 936 F.Supp. 380 (W.D.La.1996); *Galbreth v. Bellsouth Telecommunications*, 896 F.Supp. 631 (E.D.La.1995).

**13.** *See Plummer v. Marriott Corp.*, 654 So.2d 843, 848 (La.App. 4 Cir.1995), *writ denied* 660 So.2d 460 (La.1995); *Polk v. Pollard*, 539 So.2d 675, 676 (La.App. 3 Cir.1989); *Bennett v. Corroon and Black Corp.*, 517 So.2d 1245 (La.App. 4 Cir. 1987), *writ denied*, 520 So.2d 425 (La.1988).

**14.** *See Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.1994); *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994).

**15.** *See Caletka v. State Farm Mutual Automobile Ins. Co., et al.*, 936 F.Supp. 380 (W.D.La.1996); *Baynard v. Guardian Life Ins. Co., Etc.*, 399 So.2d 1200 (La.App. 1st Cir.1981).

tional infliction of emotional distress, Hornsby has offered no evidence to support such a claim against the non-diverse defendants. In order to prove intentional infliction of emotional distress, the plaintiff must prove that: the conduct was extreme and outrageous; the emotional distress suffered was severe; and that the defendant "desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result ...."[16] The Louisiana Supreme Court characterized such behavior which would rise to this level as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[17] The plaintiff has failed to indicate any behavior by either Bobrik or Craft which rises to this level.[18] Thus, the Court concludes that the plaintiff has not made a valid claim against Bobrik or Craft based on Louisiana Civil Code articles 2315 et seq.

Thus, the Court finds that Bobrik and Craft were fraudulently joined. Since the Court has complete diversity between the remaining parties, plaintiff's motion to remand must be dismissed. The Court will also dismiss Bobrik and Craft as defendants.

### III. DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS AGAINST ENTERPRISE

 Defendant Enterprise has also filed a motion to dismiss claims brought by the plaintiff under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss, the Court must accept as true the complaint's well-pleaded factual allegations; however, the plaintiff must plead specific facts, not mere conclusory allegations.[19] In reviewing the plaintiff's arguments, this Court finds that Hornsby has failed to state a claim based upon the Louisiana Constitution, Article 1, Section 3 since that provision does not create a cause of action against a private individual or company.[20] Also, the Court finds no liability for Enterprise under Louisiana Civil Code articles 2315 et seq.[21] Thus, Enterprise's motion will be granted in part and denied in part.

### IV. CONCLUSION

This Court finds that since the plaintiff has made no valid claims against defendants Bobrik and Craft, they were fraudulently joined. The Court further finds that the plaintiff and defendant are diverse and thus, plaintiff's motion to remand must be denied. In addition, the Court concludes that the plaintiff's claims against Enterprise based upon the Louisiana Constitution, Article 1, Section 3 and Louisiana Civil Code articles 2315 et seq. are without merit.

Therefore:

IT IS ORDERED that, the plaintiff's motion to remand is denied;

IT IS FURTHER ORDERED that all claims against defendants Bobrik and Craft are dismissed;

IT IS FURTHER ORDERED that the claims against defendant Enterprise based upon the Louisiana Constitution, Article 1, Section 3 and Louisiana Civil Code articles 2315 et seq. are dismissed. In all other respects, the motion to dismiss is denied.

---

16. *White v. Monsanto*, 585 So.2d 1205, 1209–10 (La.1991). *See also Deus v. Allstate Ins. Co.*, 15 F.3d 506 (5th Cir.1994), *cert. denied*, 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994).

17. *White*, 585 So.2d at 1209–10 (La.1991).

18. The Fifth Circuit has consistently held "ordinary employment disputes" do not give rise to an intentional infliction claim. *See Deus*, 15 F.3d at 515.

19. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (citations omitted); *see also Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284–85 (5th Cir.1993) (citations omitted).

20. *See Baynard v. Guardian Life Ins. Co.*, 399 So.2d 1200 (La.App. 1 Cir.1981).

21. *See Caletka v. State Farm Mutual Automobile Ins. Co., et al.*, 936 F.Supp. 380 (W.D.La.1996); *Baynard*, 399 So.2d 1200.