**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2013

No. 12-30512

Lyle W. Cayce
Clerk

FERNANDO ITURRALDE,

Plaintiff-Appellant

v.

THE SHAW GROUP, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-330

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This case arises from an employment dispute between Plaintiff-Appellant Fernando Iturralde and his former employer, Defendant-Appellee The Shaw Group, Inc. ("Shaw"). After he was terminated, Iturralde sued Shaw for: (1) unlawful termination, hostile work environment and failure to promote based upon his race in violation of 42 U.S.C. § 1981; (2) unlawful termination and failure to promote based upon his association with disabled individuals (his wife and daughter) in violation of the Americans with Disabilities Act ("ADA"), 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30512

U.S.C. § 12101, *et seq.*; and (3) retaliation in violation of § 1981 and the ADA. In addition, Iturralde asserted claims under Louisiana state law for: (4) defamation; (5) conversion; and (6) intentional infliction of emotional distress ("IIED"). Shaw filed a motion for summary judgment, which the district court partially granted and partially denied. The presiding judge died, and the case was reassigned. Shaw then filed a motion for reconsideration of the partial denial of summary judgment and a motion to dismiss the surviving ADA claim after the deadline for non-evidentiary motion practice had passed. The district court modified its scheduling order, and granted both of Shaw's motions.

Iturralde timely appealed, raising four issues: (1) whether the district court properly modified the scheduling order; (2) whether it properly granted Shaw's motion for reconsideration; (3) whether dismissal of his ADA claim was proper; and (4) whether the grant of summary judgment as to the claims remaining after reassignment—discriminatory termination based on race, conversion, and IIED—was proper. For the following reasons, we affirm the district court's judgment in all respects.

## I. DISCUSSION

### A.    Scheduling Order

Shaw filed its motion for reconsideration and its motion to dismiss after the deadline for non-evidentiary motion practice. To consider the motions, the district court had to amend its October 20, 2011 Scheduling Order. The district court cited Federal Rule of Civil Procedure 16(b) for the rule that scheduling orders "may be modified only for good cause and with the judge's consent," where good cause "varies with the circumstances of each case." In revising the order, the district court gave reasons that it found to be "good cause" under Rule 16.[1]

---

[1] The district court offered the following reasons: (1) reconsideration would eliminate the need for a trial; (2) the press of trial was no longer a factor; (3) Iturralde responded to Shaw's motions on the merits, so the court could consider both sides; and (4) the court would

2

No. 12-30512

We may only overturn the district court's decision to modify the Scheduling Order pursuant to Rule 16(b) for an abuse of discretion. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (reviewing a denial of leave to amend). Because Iturralde failed to brief any challenge to the district court's ruling under Rule 16(b), he has not shown that the district court abused its discretion in modifying the Scheduling Order.

## B.     Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Under Rule 54, a district court has "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981). The district court explained that its practice generally has been to evaluate motions to reconsider interlocutory orders under the standards that govern Rule 59(e) motions to alter or amend a final judgment, but that the Rule 54 standard (i.e., revision at any time) was more appropriate in this case. Citing various reasons for its decision to apply the Rule 54 standard, the district court granted Shaw's motion.[2]

We may only overturn the district court's decision to grant Shaw's Rule 54(b) motion for reconsideration for abuse of discretion. *See, e.g.*, *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266-67 (5th Cir. 1985); *Bon Air Hotel, Inc. v.*

---

be required to dismiss the ADA claim notwithstanding the untimeliness of the motions if the court lacked subject matter jurisdiction over that claim.

[2] The district court cited three reasons for its application of the Rule 54 standard: (1) it was not reexamining its own order, and trial preparation would take considerable time in any event; (2) the order was based entirely on the magistrate judge's analysis and thus may be entitled to less deference; and (3) the summary judgment motion was decided three years prior to the district court's consideration of Shaw's motion, and recent judicial developments could provide a disposition more in line with modern caselaw.

No. 12-30512

*Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

Iturralde misidentifies the nature of the motion for reconsideration—it was brought under Rule 54(b)—and discusses various irrelevant areas of law (multidistrict litigation) and doctrines (law of the case) in arguing that the district court erred. He fails to do what is necessary to challenge the district court's grant of Shaw's Rule 54(b) motion: namely, prove that the district court abused its discretion. Indeed, Iturralde nowhere alleges that the district court abused its discretion in granting the motion for reconsideration, let alone presents a cogent argument to this effect. Accordingly, we find that the district court did not abuse its discretion in granting Shaw's motion for reconsideration.

## C.     Motion To Dismiss

Shaw moved to dismiss Iturralde's ADA claim because Iturralde did not file a charge with the EEOC and thereby failed to exhaust his administrative remedies. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285-86 (2002). In opposition to the motion, Iturralde did not dispute that he failed to exhaust administrative remedies, or that exhaustion is an ADA requirement. Rather, he argued that Shaw is estopped from raising the "failure-to-exhaust" argument because it waited years after the suit was filed to bring this motion.

The district court noted that there is a conflict in this circuit regarding whether exhaustion is a prerequisite to suit subject to equitable defenses like waiver and estoppel, or a requirement implicating subject matter jurisdiction. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (collecting cases but not resolving the split). The district court stated that it did not need to address this intracircuit conflict because Iturralde did not and moreover could not advance a valid waiver or estoppel argument. Finding that Iturralde failed to exhaust his administrative remedies, the district court dismissed his ADA claim.

4

No. 12-30512

On appeal, Iturralde asks us to consider the same estoppel and waiver arguments that failed in the district court.[3]

We review de novo the district court's grant of a motion to dismiss. Fed. R. Civ. P. 12(b)(6); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible if the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. We must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). We must dismiss the claim if the factual allegations, assumed to be true, are insufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Iturralde cannot advance a valid waiver or estoppel argument, so we do not address the intracircuit conflict on these issues. A waiver argument would fail because Shaw preserved its failure-to-exhaust defense in its answer, and thus properly sought dismissal under Rule 12(b)(6). *See Taylor v. United States Treasury Dep't, IRS*, 127 F.3d 470, 478, n.8 (5th Cir. 1997). Any estoppel argument would likewise fail because Iturralde did not establish the requisite elements of estoppel. To invoke equitable estoppel against a private party, a litigant must show that the party asserting estoppel "did not have knowledge of the facts." *Mangaroo v. Nelson*, 864 F.2d 1202, 1204 (5th Cir. 1989). Iturralde

---

[3] Iturralde contends that a claim under Louisiana Employment Discrimination Law ("LEDL") has survived the motion to dismiss. He misleadingly redacts parts of a quote from the magistrate judge's ruling to suggest that he raised a claim under the LEDL in his complaint. The full quote shows that the magistrate judge concluded that Iturralde never alleged an LEDL claim. In any event, this claim would not be viable because the LEDL does not include a cause of action for associational disability discrimination. *Compare* 42 U.S.C. § 12112(b)(4) *with* La. R.S. 23:323(B).

cannot satisfy this element because he knew of material facts: chiefly, that he had not exhausted his adiministrative remedies when he filed suit. Because Shaw was not barred from moving for dismissal based on the passage of time, and because Iturralde failed to exhaust his administrative remedies, the district court properly dismissed the ADA claim.

## D.    Summary Judgment

The district court granted summary judgment for Shaw on Iturralde's § 1981, IIED, and conversion claims. We consider these claims in turn.

### 1.    Standard of Review

We review a grant of summary judgment de novo. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Read*, 701 F.3d at 438. This panel may "affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed*, 701 F.3d at 438 (citation and internal quotation marks omitted).

### 2.    § 1981

We review Iturralde's § 1981 claim pursuant to the modified *McDonnell Douglas* approach. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Assuming that Shaw made a prima facie showing of discrimination, we must ask whether Shaw offered a legitimate, nondiscriminatory reason for the decision to terminate Iturralde; if Shaw has done so, we must determine whether Iturralde offered substantial evidence that Shaw's legitimate, nondiscriminatory reason for the termination decision was pretextual or motivated by race discrimination. *See Rachid*, 376 F.3d at 312.

Shaw offered a legitimate, nondiscriminatory reason: namely, Iturralde violated Shaw policy by submitting and obtaining reimbursement for personal

expenses on company expense reports.[4] However, Iturralde has not presented sufficient evidence to create a fact issue such that a factfinder could conclude either "(1) that [Shaw's] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [Shaw's] reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)." *Id.*

The record does not show evidence of pretext. And based on the evidence Iturralde presented, a rational factfinder could not conclude that race discrimination was a factor in Shaw's firing decision. For one, Iturralde has failed to establish a meaningful nexus between Tim Barfield—the only Shaw employee Iturralde alleges to have acted in a racially discriminatory way—and his termination decision. Iturralde also failed to provide sufficient evidence of racially discriminatory intent. He has not introduced evidence that Malcolm Jarrell (the person who made the termination decision) or the auditors who reported his allegedly fraudulent expense reports had a racially discriminatory motive. Rather, the record shows that Jarrell's termination decision was based on the expense reports that Iturralde filed, and that the auditors acted in accordance with Shaw policy. Thus, we affirm the grant of summary judgment as to Iturralde's § 1981 claim.

### 3.    IIED

To prevail on a claim for IIED under Louisiana law, "a plaintiff must prove that (1) the conduct was extreme and outrageous; (2) the emotional distress suffered was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result." *White v. Monsanto*, 585 So. 2d 1205, 1209 (La. 1991). The

---

[4] There is considerable record evidence that Iturralde violated Shaw policies. For example, Iturralde does not dispute that the personal expense reports at issue were not in compliance with Shaw policy.

district court granted summary judgment with respect to Iturralde's IIED claim because it determined that neither the alleged racial harassment nor the circumstances surrounding his termination rose to the requisite level of outrageousness for a meritorious IIED claim under Louisiana law. We agree.

Under Louisiana Civil Code Article 2315, plaintiffs must meet a high burden of proof to prevail on an IIED claim. *See White*, 585 So. 2d at 1209-10. Actionable behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1022 (La. 2000); *see also Hornsby v. Enter. Transp. Co.*, 987 F. Supp. 512, 516 (M.D. La. 1997), quoting *White*, 585 So. 2d at 1209-10 (mere workplace disputes are not actionable under Article 2315.). Courts "have consistently limited causes of action for IIED in the workplace to 'cases which involve a pattern of deliberate, repeated harassment over a period of time.'" *Nicholas*, 765 So. 2d at 1026.

Iturralde has argued that Barfield's racial comments, the audit, and his termination serve as the basis for his IIED claim. First, a termination in itself is not extreme and outrageous, nor does it become extreme and outrageous simply because the terminated individual has sick family members. Second, Article 2315 does not create liability for employment discrimination. *Hornsby*, 987 F. Supp. at 515. Third, the record evidence does not indicate a pattern of repeated harassment, and there is virtually no evidence that suggests the audit was improper, let alone extreme and outrageous. Lastly, Barfield's comments about Iturralde's Cuban heritage did not demonstrate racial animus of an extreme or atrocious nature. We affirm the district court's grant of summary judgment for Shaw with respect to Iturralde's IIED claim.

No. 12-30512

*4.    Conversion*

Although Louisiana courts do not discuss conversion in terms of its constituent elements, Iturralde's failure to offer any evidence of damages was fatal to his claim at the summary judgment stage. *See Jarreau v. Quakenbush*, 687 F. Supp. 2d 606, 618-19 (M.D. La. 2010) (although plaintiff's refusal to return defendants' trailer constituted conversion, defendants did not offer sufficient evidence to establish that they suffered any actual damages as a result of the conversion). Summary judgment principles support Shaw's position. In cases involving state tort law claims, we have found that failure to identify evidence of damages in a summary judgment response is fatal to the claim at issue. *See, e.g.*, *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (grant of summary judgment on fraud claim affirmed because plaintiff did not identify any evidence of damages in summary judgment response).

However, summary judgment is inappropriate if the nonmovant lacks notice that he must introduce evidence to withstand a motion for summary judgment. *See, e.g.*, *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1191-92 (5th Cir. 1987) (summary judgment was not appropriate where the nonmoving party failed to present evidence of damages because the district court relied on grounds not advanced by the moving party, and the nonmoving party had no opportunity to respond); *c.f. U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 228 (5th Cir. 1994) (finding summary judgment appropriate where a plaintiff's claim was premised on the applicability of a case, the plaintiff knew that it needed to introduce evidence to bring the claim within the holding of the case, yet plaintiff introduced no such evidence). Iturralde had sufficient notice to provide evidence of damages: Shaw raised the damages issue in its reply memorandum in support of its motion for summary judgment, and Iturralde did not address this issue in his sur-reply. Accordingly, we find that the district court properly granted summary judgment as to Iturralde's conversion claim.

9

No. 12-30512

## II. CONCLUSION

For the reasons given, we AFFIRM the district court's judgment.