**VAN DORN RETAIL MGMT., INC. v. KLAUSSNER FURNITURE INDUS., INC.**

[132 N.C. App. 531 (1999)]

VAN DORN RETAIL MANAGEMENT, INC., PLAINTIFF/APPELLANT v. KLAUSSNER
FURNITURE INDUSTRIES, INC., DEFENDANT/APPELLEE

No. COA98-660

(Filed 2 March 1999)

**Unfair Trade Practices— price discrimination in secondary line—no cause of action**

> The trial court did not err by granting summary judgment for defendant in an unfair trade practices action based upon secondary line price discrimination. There is no cause of action in North Carolina for price discrimination in the secondary line.

Appeal by plaintiff from order entered 17 March 1998 by Judge Dennis J. Winner in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 January 1999.

*Mitchell, Rallings, Singer, McGirt & Tissue, PLLC, by Richard M. Mitchell and John W. Taylor, for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by F. Lane Williamson, for defendant appellee.*

HORTON, Judge.

Van Dorn Retail Management, Inc. (plaintiff), contends on appeal that price discrimination in the secondary line (price discrimination by a supplier between its customers) is an illegal business practice in North Carolina and thus within the purview of Chapter 75 of our General Statutes. In brief, plaintiff contends that, between 24 January 1994 and 20 January 1995, Klaussner Furniture Industries, Inc. (defendant), did not give plaintiff the same 5% truckload discount it extended to its other customers and that such action was illegal and actionable as an unfair trade practice. We disagree and affirm the entry of summary judgment for defendant by the trial court.

Our Supreme Court addressed the issue of price discrimination in *Rose v. Materials Co.*, 282 N.C. 643, 194 S.E.2d 521 (1973), and concluded that secondary-line price discrimination was not in violation of *any* North Carolina law. In *Rose*, the Supreme Court specifically addressed N.C. Gen. Stat. § 75-5(b)(5) (1994), which was repealed effective 1 October 1996 but was in effect at all times relevant to this case. The statute provided that it was unlawful

VAN DORN RETAIL MGMT., INC. v. KLAUSSNER FURNITURE INDUS., INC.

[132 N.C. App. 531 (1999)]

[w]hile engaged in dealing in goods within this State, at a place where there is competition, to sell such goods at a price lower than is charged by such person for the same thing at another place, when there is not good and sufficient reason on account of transportation or the expense of doing business for charging less at the one place than at the other, or to give away such goods, with a view to injuring the business of another.

N.C. Gen. Stat. § 75-5(b)(5). The Supreme Court held that § 75-5(b)(5) "is aimed at *predatory area discrimination in the primary line.* It was not intended to outlaw price discrimination in the secondary line, and no *reasonable* construction of the statute produces that result." *Rose*, 282 N.C. at 654, 194 S.E.2d at 529.

Plaintiff acknowledges the language of *Rose*, but argues that N.C. Gen. Stat. § 75-1.1 (1994), which forbids unfair and deceptive trade practices controls the present situation. According to plaintiff, the *Rose* Court did not consider whether price discrimination in the secondary line was prohibited by this statute, because it was not in effect at the time the events in question in *Rose* occurred. Although it is true that § 75-1.1 would not have applied to the events which gave rise to the *Rose* litigation, our Supreme Court was obviously aware that § 75-1.1 had been enacted at the time it rendered its decision in *Rose*. Furthermore, the *Rose* Court did not limit the language of its opinion to state that secondary-line price discrimination was not in violation of any North Carolina law in effect at the time of the events which were the subject of the *Rose* complaint, although it could have easily done so.

Plaintiff also argues that there is support for its position in *L.C. Williams Oil Co., Inc. v. Exxon Corp.*, 625 F. Supp. 477 (M.D.N.C. 1985), in which the federal trial court stated, "[i]t is undisputed that price discrimination among those similarly situated constitutes a clear violation of North Carolina's unfair trade practice laws." *Id.* at 482. We are bound, however, by the decisions of our Supreme Court, and further note that the federal court neither cited nor discussed *Rose* in its opinion.

As there is no cause of action in North Carolina for price discrimination in the secondary line, we need not reach the other arguments and contentions of appellant.

Affirmed.

Judges WYNN and EDMUNDS concur.