## WATERCRAFT MANAGEMENT, L.L.C., Douglas Wayne Glascock and Nick Martrain, III

### v.

## MERCURY MARINE (A DIVISION OF BRUNSWICK CORP.), Travis Boating Center of Louisiana and John Randolph.

### No. CIV.A.99–1031–B–M1.

United States District Court,
M.D. Louisiana.

Aug. 21, 2001.

Christopher M. Moody, Andre G. Coudrain, Cashe, Lewis, Moody & Coudrain, Hammond, LA, for plaintiffs.

Craig Lewis Caesar, B. Franklin Martin, III, Colvin G. Norwood, Jr., Anne Dorman LeJeune, McGlinchey Stafford, PLLC, New Orleans, LA, for defendants.

## RULING ON MOTION TO DISMISS

POLOZOLA, Chief Judge.

This matter is before the Court on a motion to dismiss,[1] filed by Mercury Marine. Oral argument was held on August 2, 2001. For the reasons which follow, the motion is granted in part and denied in part.

### Background

This suit was originally filed in state court on November 12, 1999. The plaintiffs allege that the defendants, Mercury Marine and three of its former employees, Kurt Schmiedel, David Rohrbach and John Randolph, engaged in conduct to induce the plaintiffs to become a distributor for Mercury Marine. Plaintiffs further contend that, after they opened a retail store in Baton Rouge, the defendants took actions to undermine the success of the plaintiffs' business. Plaintiffs allege that Mercury Marine offered a competitor, Tra-

vis Boating Center of Louisiana, more favorable discounts, advantageous financing and greater inducements, thereby allowing Travis to sell Mercury Marine's products at a lower price. As a result of Mercury Marine's actions, the plaintiffs contend that they were forced to liquidate their business.

Mercury Marine timely removed the case to federal court.[2] In its notice of removal, Mercury Marine alleged that complete diversity was present because Rohrbach was incorrectly designated as a citizen of Louisiana and Schmiedel was fraudulently joined. Thereafter, plaintiffs filed a motion to remand which was denied by the Court.[3] This Court found that Schmiedel was in fact fraudulently joined and jurisdiction was proper under 28 U.S.C. § 1332.

On April 10, 2000, this Court granted an unopposed motion to dismiss, filed by Kurt Schmiedel, John Randolph and David Rohrbach.[4] Thereafter, the Court granted plaintiffs' motion for leave to file an amended complaint[5] in which they asserted additional claims against Mercury Marine and added an additional defendant, Travis Boats & Motors ("Travis"), a Texas Corporation.[6] This matter is now before the Court on a motion to dismiss certain claims,[7] filed by Mercury Marine.

In its motion to dismiss, Mercury Marine alleges that the plaintiffs fail to state a claim upon which relief may be granted against Mercury Marine for: 1) intentional interference with contractual relations; 2) discriminatory pricing based on La.R.S. 51:331; 3) violation of the Louisiana Marine Products Dealers Act, La.R.S. 32:771, et seq.; and, 4) violation of the Louisiana

1. Rec. Doc. No. 45.
2. Rec. Doc. No. 1.
3. Rec. Doc. No. 15.
4. Rec. Doc. No. 22.
5. Rec. Doc. No. 40.
6. Rec. Doc. No. 42.
7. Rec. Doc. No. 45.

Unfair Trade Practices Act, La.R.S. 51:1401, et seq. The plaintiffs have filed a response to Mercury Marine's motion and the Court has heard the oral arguments of the parties.

## Law

### I. Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)

When considering a motion to dismiss for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6), the Court will only dismiss a claim if it is clear that the plaintiffs could prove no facts which would entitle them to relief under the law.[8] Accepting the plaintiffs' allegations of fact in the complaint as true,[9] the Court must then examine the applicable law to determine whether or not the plaintiffs' claim is sufficient to survive a Rule 12(b)(6) motion.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[10] The complaint must be liberally construed in favor of the plaintiffs, and all facts accepted as true.[11] The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12] This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[13] While the Court must accept as true the complaint's well-pleaded allegation, the courts have held that "the plaintiff must plead specific facts, not mere conclusory allegations."[14]

The Court will now turn to an examination of Mercury Marine's specific arguments.

### II. Intentional Interference with Contract

Mercury Marine argues that it is entitled to 12(b)(6) relief on the intentional interference with contract claim because the cause of action, under Louisiana law, is limited to the situation where a corporate officer, without just cause, causes the corporation to breach a contract with a third party.[15] During oral argument, counsel for plaintiffs conceded that the motion to dismiss this claim should be granted.

Therefore, Mercury Marine's motion to dismiss[16] the plaintiff's claim against Mercury Marine for intentional interference with contract is dismissed without opposition.

---

8. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

9. *Id.*

10. *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir.2000); *cert. denied* 532 U.S. 1052, 121 S.Ct. 2193, 149 L.Ed.2d 1024 (2001)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

11. *Shipp*, 234 F.3d at 911; *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

12. *Shipp*, 234 F.3d at 911; *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

13. 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed.1990).

14. *Hornsby v. Enterprise Transportation Co.*, 987 F.Supp. 512, 516 (M.D.La.1997)(citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). *See also Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284–85 (5th Cir.1993)).

15. Rec. Doc. No. 46, pp. 5–7.

16. The plaintiffs have also asserted a claim for intentional interference with contract

## III. The Louisiana Price Discrimination Statute

In its motion, Mercury Marine argues that the Louisiana Price Discrimination Statute [17] does not apply in this case because the statute only regulates price discrimination that affects "competitors" of the seller.[18] Mercury Marine contends that the specific language in the Louisiana statute only prohibits primary-line price discrimination, which occurs when a seller's price discrimination harms competition among the seller's competitors. In addition, Mercury Marine argues that the Louisiana statute should be read more narrowly than the federal Robinson–Patman Act,[19] which contains broader language and prohibits both primary-line discrimination and secondary-line discrimination. Secondary-line discrimination occurs when a seller's discrimination affects competition among the seller's customers. Further, Mercury Marine refers the Court to the North Carolina Price Discrimination Statute, which is worded similarly to the Louisiana statute and has been held to apply only to primary-line discrimination.[20] In their opinion, the plaintiffs argue that they have alleged facts sufficient to survive a Rule 12(b)(6) motion under La.R.S. 51:121, 51:123 and 51:124, and La.R.S. 51:331. Specifically, the plaintiffs rely heavily on *Jefferson v. Chevron U.S.A., Inc.*,[21] which plaintiffs contend gives them a right of action under La.R.S. 51:331.

La.R.S. 51:331 reads as follows:

No person, doing business in Louisiana, and engaged in the production, manufacture, or distribution of any commodity in general use, who shall, intentionally, for the purpose of injuring or destroying the business of a competitor in any locality, discriminate between different sections, communities, cities or localities in the state by selling such commodity at a lower rate in one section, community, city, or locality, than is charged for the commodity by such person in another section, community, city, or locality, after making due allowance for the difference, if any, in the grade or quality of the commodity and in the actual cost of transportation of the commodity from the point of production, if a raw product, or from the point of manufacture, if a manufactured product. All sales so made shall be prima facie evidence of unfair discrimination.

Since the Court's jurisdiction is based on diversity, the Court is required to apply Louisiana law. The Louisiana jurisprudence interpreting La.R.S. 51:331 is very limited. Few cases directly address La.R.S. 51:331 and those that do mention it only in the context of a violation of the Louisiana Unfair Trade Practices Act. It may be surmised that the lack of substantial jurisprudence is due to the commonly held belief within the legal community that La.R.S. 51:331 does not permit a private right of action, but sets forth procedures for enforcement action to be brought by the attorney general.[22] Al-

---

against Travis. This claim is not currently before the Court.

**17.** La.R.S. 51:331.

**18.** See Rec. Doc. No. 46, p. 9.

**19.** 15 U.S.C.A. 13, et seq.

**20.** See *Rose v. Vulcan Materials Co.*, 282 N.C. 643, 194 S.E.2d 521 (1973); *Van Dorn Retail*

*Management, Inc. v. Klaussner Furniture Ind.*, 132 N.C.App. 531, 512 S.E.2d 456 (1999). The North Carolina statute was repealed in 1996.

**21.** 713 So.2d 785 (La.App. 4 Cir.1998); *writ denied*, 727 So.2d 441 (La.1998).

**22.** See Alexander M. McIntyre, Recent Development, *Antitrust and Trade Regulation Law–*

though Mercury Marine has not raised this argument in support of its motion to dismiss, this Court finds that La.R.S. 51:331 does not permit plaintiffs to bring a private right of action. Therefore, the plaintiffs' price discrimination claim based on La.R.S. 51:331 is without merit as a matter of law.

The Court's conclusion that no private right of action is intended under La.R.S. 51:331 is based on a careful review of La.R.S. 51:331 and other related statutes set forth in Title 51, Chapter 1, Part VIII, Subpart A. A comprehensive reading of the other statutes in Subpart A clearly establishes that La.R.S. 51:331 does not provide for a private right of action. Under La.R.S. 51:332 the penalty for a violation of § 331 is criminal in nature and shall be "not less than five hundred dollars nor more than five thousand dollars, or imprisoned for not less than one year nor more than two years, or both." The remaining sections, La.R.S. 51:334, 51:335 and 51:336, set forth a procedure which must be followed by the secretary of state and the attorney general when a complaint is filed by a private entity claiming that La.R.S. 51:331 has been violated. Further, the Louisiana Attorney General's office has issued an opinion which spelled out the procedure by which a complaint under La.R.S. 51:331 may be made.[23] The opinion reads as follows:

Thus, under R.S. 51:334 any complaint is to be made to the Secretary of State that a corporation is guilty of unfair discrimination within the terms of the section, and he shall refer the matter to the Attorney General. The Attorney General shall then examine into the complaint and if in his judgment the facts justify the complaint, proceedings shall be instituted against such corporation.

Therefore, while the legality of a chain store doing business in Louisiana retailing products at a wide variation in selling price may appear illegal on its face, a conclusive determination can only be made following complaint to the Secretary of State, referral to the Attorney General for investigation, and institution of proceedings in court for the discrimination.[24]

The Court finds its conclusion is fully supported by the opinion of the Louisiana Attorney General. Even though the plaintiffs may not assert a claim pursuant to La.R.S. 51:331 for relief, the Court reserves to the plaintiff the right to contend at trial that the violation of La.R.S. 51:331 may be used as evidence of violation of the Louisiana Unfair Trade Practices Act,[25] which does provide for a private right of action.[26]

The plaintiffs rely on Jefferson v. Chevron U.S.A. Inc.,[27] to oppose defendant's motion. In Jefferson, the court allowed the plaintiff to escape summary judgment on a price discrimination claim brought under La.R.S. 51:331. While the Louisiana Fourth Circuit Court of Appeal acknowledged that "the penalties applicable to violations of this statute which are contained in La.R.S. 51:332 may not be imposed absent proceedings by the Attorney General," the court allowed the plaintiffs to assert a violation of La.R.S. 51:331 as proof of a violation of state law.[28] While the same acts that constitute a violation of

*Louisiana's Geographic Price Discrimination Statute,* 46 La.B.J. 416 (1999).

23.  La. Atty. Gen. Op. No. 97–371 (1997); 1997 WL 762949 (La.A.G.).

24.  Id. (Emphasis supplied by Court.)

25.  La.R.S. 51:1405.

26.  La.R.S. 51:1409.

27.  713 So.2d 785 (La.App. 4 Cir.1998), *writ denied,* 727 So.2d 441 (La.1998).

28.  *Id.* at 791.

La.R.S. 51:331 may be used under appropriate circumstances to show breach of another statute, which may be filed as a private right of action, a breach of La.R.S. 51:331 alone does not give rise to a private right of action.

■ In summary, the Court finds that read in proper context, Title 51, Chapter 1, Part VIII, Subpart A, which contains Louisiana's price discrimination statutes clearly sets forth a scheme for administrative enforcement of violations of La.R.S. 51:331 by the attorney general. However, the statute does not grant parties a private right of action. Therefore, Mercury Marine's motion to dismiss is granted to the extent that the plaintiffs' claim is based solely on a breach of La.R.S. 51:331. In the alternative, the Court finds that even if La.R.S. 51:331 permitted a private right of action, plaintiffs still fail to state a claim for recovery under this statute under the facts of this case. La.R.S. 51:331 prohibits discrimination "for the purpose of injuring or destroying the business of a competitor...."[29] Accepting plaintiffs' allegations of fact as true, it is clear that the plaintiffs and Mercury Marine are not competitors under the plain language of this statute.

IV. Louisiana Marine Product Dealers Act

■ Mercury Marine also argues that the plaintiffs' claims under the Marine Product Dealers Act, La.R.S. 32:771, et seq. must be dismissed under Fed.R.Civ.P. 12(b)(6). Specifically, Mercury Marine argues that the plaintiffs can have no claim under La.R.S. 32:773.1(A)(2)(n) because the section was amended in 1999 and cannot be applied retroactively to the facts of this case. Plaintiffs have conceded in their briefs and during oral argument that their claim is not based on La.R.S. 32:773.1(A)(2)(n), but instead has been brought pursuant to La.R.S. 32:773.1(A)(2)(b) and (o).[30] While Mercury Marine admits that it is not seeking dismissal of the 32:773.1(A)(2)(b) claim in its entirety, it seems to suggest that the portion of the claim based on "coercion" should be dismissed. However, the Court finds that the pleadings are sufficient to survive a motion to dismiss on this ground at this time. Although the complaint does not use the term "coerce," it does clearly allege that Mercury Marine "induced" the plaintiffs into becoming Mercury Marine distributors. Furthermore, Mercury Marine admitted during oral argument that its motion to dismiss should be denied insofar as it pertains to the claim filed under La.R.S. 32:773.1(A)(2)(b). Therefore, Mercury Marine's motion to dismiss is granted, without opposition, to the extent the complaint asserts a claim under La.R.S. 32:773.1(A)(2)(n). In its reply brief as well as during oral argument before the Court, Mercury Marine conceded that it did not seek dismissal of the plaintiffs' claim which was brought under La. R.S. 32:773.1(A)(2)(b). Therefore, the motion to dismiss is denied without prejudice to the extent that it pertains to La.R.S. 32:773.1(A)(2)(b).

Mercury Marine does, however, argue that the plaintiffs' claim under La.R.S. 32:773.1(A)(2)(o) is not viable because the statute was amended in 2000 and cannot apply retroactively. Although the plaintiffs argue that Mercury Marine's violation was continuing, the complaint reveals that the plaintiffs' dealership had already been liquidated at the time the suit was filed in state court on November 12, 1999.[31] During oral argument the plaintiffs conceded that La.R.S. 32:773.1(A)(2)(o) does not ap-

---

**29.** La.R.S. 51:331.

**30.** Rec. Doc. No. 49, p. 9.

**31.** Rec. Doc. No. 1.

ply to this case. The motion to dismiss is granted, without opposition, to the extent the plaintiffs' claim relies on La.R.S. 32:773.1(A)(2)(o).

In summary, Mercury Marine's motion to dismiss the plaintiffs' claims under the Marine Product Dealers Act is granted in part and denied in part. The motion is granted to the extent it dismisses the plaintiffs' claims under La.R.S. 32:773.1(A)(2)(n) and 32:773.1(A)(2)(o). The motion is denied without prejudice to the extent that it seeks dismissal of the plaintiffs' claim under La.R.S. 32:773.1(A)(2)(b).

## V. Louisiana Unfair Trade Practices Act

Mercury Marine also argues that it is entitled to dismissal of the plaintiffs' claim brought under the Louisiana Unfair Trade Practices Act ("LUTPA") because the act does not apply to distributor/dealer relationships.[32] In contrast, the plaintiffs cite several Louisiana state court cases which have found that the cause of action under the LUTPA is not limited solely to consumers and business competitors.[33] However, since the Fifth Circuit Court of Appeals has taken a contrary position, this Court is bound to follow the Fifth Circuit's precedent.[34]

 The Louisiana Unfair Trade Practices Act provides that "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages."[35] While state courts have not been consistent regarding the interpretation of "any person," the federal Fifth Circuit has followed the narrow interpretation given by many Louisiana courts and held that the private cause of action under the act is limited to consumers and business competitors.[36]

The relationship between the plaintiffs and Mercury Marine is that of distributor and dealer, thus they are not competitors within the meaning of LUTPA.[37] Therefore, LUTPA is not applicable as a matter of law under the facts of this case. Mercury Marine's motion to dismiss is granted to the extent that it seeks dismissal of the plaintiffs' claim under LUTPA.

### Conclusion

For the reasons set forth above, the defendant, Mercury Marine's motion to dismiss is granted in part and denied in part. The motion is granted to the extent that it seeks dismissal of the intentional interference with contract claim, the price discrimination claim under La.R.S. 51:331, the claims under La.R.S. 32:773.1(A)(2)(n) and (o) and the claims filed under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401. In all other respects, the motion is denied.

---

**32.** Rec. Doc. No. 46, p. 17.

**33.** Rec. Doc. No. 49, pp. 9–13.

**34.** See note 36.

**35.** La. R.S. § 51:1409.

**36.** See *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396 (5th Cir.2000); *Gardes Directional Drilling v. U.S.*

*Turnkey Exploration Co.*, 98 F.3d 860 (5th Cir.1996); *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 975 F.2d 1192 (5th Cir.1992); *Shaw Indus., Inc. v. Brett*, 884 F.Supp. 1054(M.D.La.1994).

**37.** *National Gypsum Co. v. Ace Wholesale, Inc.*, 738 So.2d 128 (La.App. 5 Cir.1999).